R. G. LAUGHRIDGE, ADMINISTRATOR OF THE ESTATE OF WILLIAM J. LOWERY, DECEASED, SADIE L. LOWERY, WIDOW, LINDA A. LOWERY, MINOR DAUGHTER, MARY DONNA LOWERY, MINOR DAUGHTER, WILLIAM J. LOWERY, JR., MINOR SON, OF WILLIAM J. LOWERY, DECEASED, EMPLOYEE, PLAINTIFFS v. SOUTH MOUNTAIN PULPWOOD COMPANY, INC., EMPLOYER; THE TRAVELERS INSURANCE COMPANY, CARRIER, DEFENDANTS.

(Filed 30 March, 1966.)

**Master and Servant § 47—**

Where a corporate employer with less than five employees procures a policy of compensation insurance, such employer is presumed to have accepted the provisions of the Act, G.S. 97-13(b), and such policy covers its executive officers, G.S. 97-2(2), notwithstanding an attempted agreement that only a single nonexecutive employee should be covered, unless notice of nonacceptance by the executive officers is duly filed with the Industrial Commission. G.S. 97-4.

MOORE, J., not sitting.

APPEAL by defendants from *Anglin, J.,* September-October 1965 Session of CLEVELAND.

Proceeding under Workmen's Compensation Act (Act), G.S. Chapter 97, submitted upon stipulated facts summarized, except when quoted, as follows:

South Mountain Pulpwood Company, Inc. (Pulpwood Company), a North Carolina corporation, was incorporated May 30, 1960, and since July 4, 1960, has been engaged in the business of buying and selling pulpwood. On and prior to January 13, 1964, its capital stock consisted of one hundred shares, of which Selby A. Keller (Keller) owned fifty shares and William J. Lowery (Lowery) owned fifty shares. Its board of directors consisted of Keller and Lowery and their wives. No compensation was paid for serving as directors. Keller was president and treasurer. Lowery was vice-president and secretary. The only person employed by Pulpwood Company other than Keller and Lowery was William H. Garrett (Garrett). Garrett performed such duties as were assigned to him by said officers.

On or about April 5, 1963, Russell W. Boring (Boring), a stepson of Lowery, was a duly licensed insurance agent. In the course of his employment by Cleveland Insurance Agency, Inc., of Shelby, North Carolina, Boring solicited the sale to Pulpwood Company "of a policy of insurance to afford protection to the corporation for exposure to liability under the Workmen's Compensation Act."

At the direction of Lowery, the premium applicable to Pulpwood Company for the workmen's compensation insurance coverage was

computed by excluding the compensation of the officers of the corporation and including only the compensation paid to Garrett, and after being informed of the rate, Lowery and Keller discussed the same with Boring and then instructed him to have the workmen's compensation coverage issued to Pulpwood Company so as to insure Garrett only.

Based upon the instructions received from Lowery and Keller, a request was made to The Travelers Insurance Company (Insurance Company) by Boring as agent for said Insurance Company to issue a policy affording workmen's compensation insurance coverage for Pulpwood Company, and under date of April 9, 1963, Insurance Company issued its policy to Pulpwood Company to afford such coverage for a one year term and charged and received therefor a premium based and computed only upon the compensation being paid by Pulpwood Company to Garrett.

Prior to the sale of the workmen's compensation insurance to Pulpwood Company, Boring had not sold workmen's compensation insurance to any of his other customers, and Boring was not familiar with the provisions of the Act relative to prescribed procedures for acceptance or rejection of the Act.

On and prior to January 13, 1964, Lowery and Keller as officers and employees of Pulpwood Company did not execute and file with the North Carolina Industrial Commission a notice of rejection of the Act on Industrial Commission Form 5, or any other form, and did not post a notice of either acceptance or rejection of the Act at the principal office and place of business of Pulpwood Company.

On January 13, 1964, Lowery sustained an injury by accident arising out of and in the course of his employment with Pulpwood Company and, as a result of the injury sustained by him in said accident, Lowery died on January 16, 1964.

On and prior to the date of his death, Lowery was regularly employed by Pulpwood Company and was being paid compensation by Pulpwood Company at the rate of $7,800.00 annually.

Additional stipulated facts relate solely to the identity of the persons entitled to receive such compensation, if any, as might be awarded. No exceptions having been taken with relation thereto, a statement of these facts is omitted.

Upon the foregoing facts and his conclusions of law, the Hearing Commissioner, Honorable Forrest H. Shuford, II, awarded compensation to plaintiffs.

It is noted that Commissioner Shuford, after quoting relevant statutory provisions, stated: "It would further appear that defendant employer would be liable to defendant insurance carrier for the payment of workmen's compensation insurance premiums based

upon the payroll of defendant employer, including the officers of defendant employer, and that defendant employer and its insurance carrier would be liable to dependents of deceased employee for the payment of compensation."

The Full Commission overruled defendants' exceptions and affirmed the award; and, after hearing in superior court on defendants' appeal from the Full Commission, Judge Anglin entered judgment overruling defendants' exceptions and affirming the award. Defendants excepted and appealed from said judgment.

*Hamrick, Mauney & Flowers for plaintiff appellees.*
*Boyle, Alexander & Carmichael for defendant appellants.*

BOBBITT, J. G.S. 97-13(b) in pertinent part provides: "This article shall not apply . . . to any person, firm or private corporation that has regularly in service less than five employees in the same business within this State, except that any employer without regard to number of employees, . . . who has purchased workmen's compensation insurance to cover his compensation liability shall be conclusively presumed during life of the policy to have accepted the provisions of this article from the effective date of said policy and his employees shall be so bound unless waived as provided in this article."

G.S. 97-2(2) in pertinent part provides: "Every executive officer elected or appointed and empowered in accordance with the charter and by-laws of a corporation, other than a charitable, religious, educational or other non-profit corporation, shall be an employee of such corporation under this article." This provision was made a part of the Act by Chapter 1055, Session Laws of 1955.

G.S. 97-6 provides: "No contract or agreement, written or implied, no rule, regulation, or other device shall in any manner operate to relieve an employer, in whole or in part, of any obligation created by this article, except as herein otherwise expressly provided."

An employer with five or more employees is presumed to have accepted the provisions of the Act. G.S. 97-3. Such employer's purchase of workmen's compensation insurance is to protect his existing compensation liability. Ordinarily, an employer with less than five employees is exempt from the Act. However, when such employer at his election voluntarily purchases workmen's compensation insurance, he accepts all provisions of the Act. G.S. 97-13(b). In such case, the policy he purchases both creates and protects his compensation liability; and thereafter such employer and his employees are

bound by the provisions of the Act unless, prior to any accident resulting in injury or death, notice to the contrary is given "in the manner (therein) provided." G.S. 97-3. The manner in which such notice is to be given is prescribed in G.S. 97-4.

The findings disclose it was intended by Keller and Lowery, the executive officers and stockholders of Pulpwood Company, and by Boring, an employee of Insurance Company's Shelby agency, that Insurance Company was to issue a policy that would bring Garrett within the provisions of the Act and protect Pulpwood Company's compensation liability to Garrett; and that it was not intended that either Keller or Lowery would be brought under the Act. Whatever their intent, they could make no agreement that would operate to relieve Pulpwood Company of any obligation created by the Act except as therein otherwise expressly provided. G.S. 97-6. The Act does not contemplate or permit the issuance of workmen's compensation insurance to cover an employer's liability in respect of one or more named employees and no others. A void contract will not work an estoppel. *Bolin v. Bolin*, 246 N.C. 666, 669, 99 S.E. 2d 920, and cases cited; 17 Am. Jur. 2d., Contracts § 232; 17 C.J.S., Contracts § 279(c). Notwithstanding interested parties may have acted in misapprehension thereof, the legal effect of the purchase and issuance of the policy in accordance with the provisions of G.S. 97-13(b) must be the basis of decision.

The policy issued by Insurance Company to Pulpwood Company, now before us by stipulation as an addendum to the record, was in full force and effect in January 1964 when Lowery was fatally injured. It contains no reference to Keller, Lowery or Garrett. Notwithstanding the "Total Estimated Annual Premium" of $81.72 is based on "Estimated Total Annual Remuneration" of $3,200.00, presumably the amount of Garrett's estimated remuneration, the policy, as required by G.S. 97-13(b), obligates the Insurance Company "(t)o pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law."

It is noted that the policy contains provisions for the audit by the Insurance Company of Pulpwood Company's books and records and for adjustment and settlement of premium based on the premium earned during the policy period.

Under G.S. 97-13(b), *from the effective date of the policy*, Pulpwood Company was conclusively presumed during the life of the policy to have accepted the provisions of the Act, and its employees were so bound "unless waived as provided in this article." Keller and Lowery, by virtue of the quoted provision of G.S. 97-2, were

employees of Pulpwood Company. Absent affirmative action by Keller and Lowery to exempt themselves from the Act, they continued, as such employees, to be subject to the provisions of the Act.

G.S. 97-4 in pertinent part provides: "The notice (of nonacceptance of the provisions of the Act) shall be in writing or print, in substantially the form prescribed by the Industrial Cimmission, . . . and shall be given by the employee by sending the same in registered letter, addressed to the employer at his last known residence or place of business, or by giving it personally to the employer or any of his agents upon whom a summons in civil action may be served under the laws of the State. *A copy of the notice in prescribed form shall also be filed with the Industrial Commission.* In any suit by an employer or an employee who has exempted himself by proper notice from the application of this article, a copy of such notice duly certified by the Industrial Commission shall be admissible in evidence as proof of such exemption." (Our italics.)

The quoted language of G.S. 97-4 applies more appropriately to nonacceptance by a person who is employed by a corporate employer but is not an executive officer thereof. Such employee must give notice of nonacceptance to his employer *and* file a copy thereof with the Industrial Commission.

Here, Keller and Lowery were the executive officers and stockholders of Pulpwood Company. Conceding formal notice of nonacceptance by these men as employees to themselves as executive officers of Pulpwood Company was unnecessary to exempt them from the Act, we are of opinion, and so decide, that they could exempt themselves from the Act only by giving notice to the Industrial Commission of their election and decision to do so. It is unnecessary to consider the form and manner of such required notice. Here, neither Keller nor Lowery filed notice of nonacceptance *in any form* with the Industrial Commission. In fact, no action of any kind was taken by Keller or Lowery to exempt himself from the provisions of the Act. Hence, we conclude that both Keller and Lowery were employees and under the Act in January 1964 when Lowery was fatally injured.

We have considered each of the decisions cited by defendants. None is deemed authoritative or persuasive in relation to the questions presented by this appeal. In our view, decision must be based on provisions of *our* Workmen's Compensation Act.

For the reasons indicated, the judgment of the court below is affirmed.

Affirmed.

MOORE, J., not sitting.