BLANCHE M. CRAWFORD, WIDOW, OF JERRY CRAWFORD, DEC'D, EMPLOYEE-PLAINTIFF v. B. L. PRESSLEY, EMPLOYER AND/OR IOWA MUTUAL INSURANCE CO., CARRIER-DEFENDANTS

No. 6929IC210

(Filed 17 December 1969)

1. **Master and Servant § 48— workmen's compensation — employers subject to the Act — five or more employees**

Where there was evidence that at the time pulpwood employee met his death his employer regularly employed four persons, including decedent, in the pulpwood business, two persons in a milk hauling business, two or three persons in the construction of houses, and two persons in a store and filling station, the Industrial Commission properly found that the employer's businesses were separate and distinct and that the employer did not regularly employ five or more employees in the same business or establishment, there being no evidence that the employees in any one of the employer's several enterprises had ever performed sufficient services in two or more of the enterprises as would make the enterprises, by virtue of a common set of employees, the "same business or establishment." G.S. 97-2(1), G.S. 97-13(b).

**2. Master and Servant § 48— workmen's compensation — employer subject to the Act — cancellation of policy — notice to Commission**

Where a corporate employer with less than five employees in the same business purchased a policy of workmen's compensation insurance, the employer and his employees became bound by the provisions of the Workmen's Compensation Act so that the widow of an employee fatally injured in an accident on the job would be entitled to compensation benefits, G.S. 97-13(b), notwithstanding the cancellation of the policy by the insurer prior to the date of the accident, unless the employer, prior to the fatal accident, had given notice to the Industrial Commission of his nonacceptance of the Act in the manner prescribed by G.S. 97-4; the widow's proceeding is remanded to the Commission for a finding of fact as to the employer's nonacceptance of the Act.

**3. Master and Servant § 96— workmen's compensation — remand — findings of fact**

Where the findings of the Industrial Commission are insufficient to determine the rights of the parties in a workmen's compensation proceeding, the court may remand the proceeding to the Commission for additional findings.

APPEAL by plaintiff from North Carolina Industrial Commission, opinion and award of 19 December 1968.

On 20 November 1963 Jerry Crawford was accidentally killed while operating a bulldozer for his employer, B. L. Pressley (Pressley). Plaintiff, widow of the deceased employee, instituted this proceeding before the North Carolina Industrial Commission to obtain benefits under the Workmen's Compensation Act. The parties stipulated that at the time of his death Crawford was employed by Pressley at an average weekly wage of $47.50 per week, and that his death resulted from an injury by accident arising out of and in the course of his employment.

A hearing on plaintiff's claim was held on 23 January 1968 before Deputy Commissioner Delbridge and a further hearing was held on 28 June 1968 before Deputy Commissioner Thomas. At these hearings Pressley testified in substance as follows: At the time of the accident he was engaged in several different business activities consisting of: (1) a timber operation, getting out pulpwood and logs; (2) hauling milk from farm to plant; (3) building and selling houses (in partnership with a Mr. Andy Orr); and (4) operation of a grocery store and filling station. He regularly employed four persons, including the decedent, Crawford, in the timber business; two in the milk hauling business; two or three (one of whom was his partner) in the building business; and one or two in the store and filling station. Employees who worked in the milk hauling business, in the building business, and in the grocery store,

did not work in the timber business. During the quarter in which Crawford was killed, Pressley had employed as many as six different persons in the pulpwood business, but never more than four at any one time and only employed four on a regular basis. Crawford's main job was driving a truck in connection with Pressley's timber and pulpwood business, though occasionally he did a few odd jobs with the bulldozer on Saturdays, and on one occasion assisted Pressley in carpentry work on a porch when it was too wet to get in the woods.

Plaintiff testified that the deceased employee, besides driving the wood truck, occasionally worked for Pressley as a carpenter, as a bulldozer operator grading yards and driveways, as a mechanic, and as driver of a pickup truck. Other witnesses for plaintiff testified as to Pressley's various businesses and as to Crawford's activities as an employee.

Pressley also testified that some two months prior to the accident he had been informed by someone at the employment office that he was required to maintain workmen's compensation insurance under the laws of North Carolina. He had not theretofore carried such insurance. At that time he went to the office of the General Insurance Agency at Hendersonville, N. C., operated by Homer Hobbs, from which agency he had bought all of his other insurance for approximately twelve years. Through that agency Pressley obtained an insurance policy written by Iowa Mutual Insurance Company, providing workmen's compensation insurance coverage for all of his employees in all of his various business operations for a period of one year. He received physical possession of the policy and paid Mr. Hobbs the full premium therefor. Subsequently, and before 20 November 1963, Hobbs informed Pressley to bring the policy back, that Iowa Mutual had not accepted it. Pressley did return the policy to Hobbs, who assured him he would place insurance with another company. When Pressley had not received a new policy in about a month's time, he went back to see Hobbs, who again assured him that he did have coverage and that he would receive a policy immediately. Another 30 days passed and Pressley reported Crawford's death to Hobbs, who stated that: "My mistakes and errors policy will cover the man."

After obtaining the Iowa Mutual policy, Pressley had represented to his employees, and he continued to represent to them up to and including the time that Crawford was killed, that he carried workmen's compensation insurance for their benefit. Only after Crawford was killed did Pressley learn that he did not actually

have any workmen's compensation coverage in effect. At no time previously had he been informed that he was not covered for workmen's compensation insurance, and at no time has he ever been refunded the premium which he initially paid to Hobbs for the Iowa Mutual Insurance Company policy. Subsequent to Crawford's death, and effective 10 December 1963, Pressley obtained a policy of workmen's compensation insurance through another agent and in another insurance company, providing workmen's compensation insurance coverage for all of his employees. This new insurance coverage was still in effect at the time of the hearings in this matter.

At the conclusion of the hearings, Deputy Commissioner Delbridge made findings of fact and conclusions of law as follows:

### "FINDINGS OF FACT

"1. The deceased employee, Jerry Crawford, sustained an injury by accident arising out of and in the course of his employment with the defendant employer on November 20, 1963. Said injury and resulting death occurred when a bulldozer turned over on the plaintiff while he was employed with the defendant employer in the pulpwood business.

"3. The defendant employer is in the pulpwood business, builds houses, runs a store, operates a milk business, and is not in the bulldozer business as such. The defendant employs three employees in the house building, three employees in the milk business, two employees at his store, four employees in the pulpwood business. The defendant has never had over four employees at any given time in the pulpwood business.

"4. In the pulpwood business the defendant employed the deceased, Jerry Crawford, Praytor, Stewart, and Franks. There were never more than four employees regularly employed with the pulpwood business nor in any other of the defendant enterprises.

"5. The defendant employer procured a policy of workmen's compensation insurance from the Iowa Mutual Insurance Company approximately two months prior to November 20, 1963. The agent for the Iowa Mutual Insurance Company requested the defendant to return the policy as the Iowa Mutual Insurance Company did not wish to insure the defendant's pulpwood operation. The defendant returned the policy to the agent of Iowa Mutual Insurance Company and said policy was cancelled. The agent informed the defendant that he would obtain

another policy of workmen's compensation insurance covering his liability under the workmen's compensation Act with another company. The advance premium that the defendant paid the agent for Iowa Mutual policy was never returned to the defendant. The agent did not procure another workmen's compensation policy for the defendant. There was no workmen's compensation insurance policy in effect covering the defendant on November 20, 1963, the date the deceased employee was killed.

"6.  Mrs. Blanche M. Crawford is the widow of the deceased employee.

"The foregoing findings of fact and conclusions of law engender the following additional

## "CONCLUSIONS OF LAW

"1.  The defendant did not on November 20, 1963, have in effect a workmen's compensation insurance policy to cover his workmen's compensation liability. G.S. 97-13.

"2.  The defendant, B. L. Pressley, employer of the deceased employee did not regularly employ five or more employees in the same business or establishment nor did he have in his employment five or more employees subject to the Workmen's Compensation Act at the time of the injury by accident giving rise hereto. The parties are not therefore subject to the Workmen's Compensation Act, and the Industrial Commission has no jurisdiction over the plaintiff's claim. . . ."

On these findings and conclusions, the Deputy Commissioner entered an award dismissing plaintiff's claim for lack of jurisdiction. The case then came on for review before the full Commission, which entered its opinion and award on 19 December 1968, adopting as its own the opinion and award of Deputy Commissioner Delbridge and affirming his order dismissing plaintiff's claim for lack of jurisdiction. Plaintiff appealed, assigning errors.

*Gudger & Erwin, by James P. Erwin, Jr., for plaintiff appellant.*

*No counsel for defendant.*

PARKER, J.

This appeal challenges the Commission's jurisdictional conclusion on two grounds: First, that the Commission erred in conclud-

ing as a matter of law that the employer in this case "did not regularly employ five or more employees in the same business or establishment"; and second, even if there be no error in that regard, that the Commission erred in failing to conclude as a matter of law, from the facts found by it and established by the evidence, that the parties were nevertheless subject to the Workmen's Compensation Act because the employer had voluntarily accepted its provisions by purchasing workmen's compensation insurance.

[1]   We find that the Industrial Commission was clearly correct in its conclusion that the employer in this case "did not regularly employ five or more employees in the same business or establishment." In this regard the evidence clearly supports the Commission's findings and establishes that the employer's various business enterprises were separate and distinct and were not operated as an integrated whole, each being radically different from the other, having its own separate group of employees, and each furnishing a different service or product to a different market. While there was evidence that the deceased employee had on isolated occasions performed services for his employer unrelated to the timber business, in which he was primarily employed, these were minimal, and there was no evidence tending to show that the employees in any of the employer's several enterprises ever performed sufficient services in two or more of such enterprises as to require a conclusion that these enterprises had, by virtue of having a common set of employees, become in law the "same business or establishment." G.S. 97-2(1); G.S. 97-13(b).

[2]   In our opinion, however, under the facts established by the evidence and as found by the Commission itself, the parties were nevertheless subject to the provisions of the Workmen's Compensation Act. The evidence is uncontradicted and the Commission found that a few months prior to the accident the employer had purchased from Iowa Mutual Insurance Company a policy of workmen's compensation insurance, had paid the premium therefor, and had obtained possession of the policy. This policy provided workmen's compensation liability coverage for a period of one year for all of his employees, including the employees in the timber operation. G.S. 97-13(b) provides in part:

> "This article shall not apply . . . to any person, firm or private corporation that has regularly in service less than five employees in the same business within this State, except that any employer *without regard to number of employees,* . . . *who has purchased workmen's compensation insurance to cover*

*his compensation liability shall be conclusively presumed during life of the policy to have accepted the provisions of this article from the effective date of said policy and his employees shall be so bound unless waived as provided in this article."* (Emphasis added.)

The Iowa Mutual policy had been cancelled prior to the date of the accident. Therefore, the conclusive presumption of coverage created by G.S. 97-13(b) does not here come into play, since by the language of the statute this conclusive presumption existed only "during life of the policy." However, also by the express language of the statute, the employer by purchasing workmen's compensation insurance coverage, accepted the provisions of the Workmen's Compensation Act "from the effective date of said policy and his employees shall be so bound unless waived as provided in this article." Interpreting this statute, the North Carolina Supreme Court, speaking through Bobbitt, J. (now C.J.) in the case of *Laughridge v. Pulpwood Co.*, 266 N.C. 769, 771, 147 S.E. 2d 213, 216, said:

"Ordinarily, an employer with less than five employees is exempt from the Act. However, when such employer at his election voluntarily purchases workmen's compensation insurance, he accepts all provisions of the Act. G.S. 97-13(b). In such case, the policy he purchases both creates and protects his compensation liability; and thereafter such employer and his employees are bound by the provisions of the Act unless, prior to any accident resulting in injury or death, notice to the contrary is given 'in the manner (therein) provided.' G.S. 97-3. The manner in which such notice is to be given is prescribed in G.S. 97-4."

In the present case not only was there no evidence that a notice had been given as prescribed in G.S. 97-4, but the evidence was overwhelmingly to the contrary. The employer himself testified that upon being notified by the insurance agent through whom the Iowa Mutual policy had been placed that that policy was being cancelled, he had requested and obtained assurances that other workmen's compensation insurance was being obtained. He had informed his employees that they were covered by such insurance, and it was his and their understanding that this was so up to and including the time of the accident. Only after the accident had occurred and he had given the insurance agent notice thereof, did he and his employees first obtain any information to the effect that workmen's compensation insurance was not then in effect. Therefore, all of the evidence establishes that the employer and his employees intended

to be bound by the Act and thought they were so bound up to and including the time of the accident. By purchasing the policy, the employer and his employees became subject to the Act and continued to be "so bound unless waived as provided in this article." The failure of a third party, the insurance agent in this case, to fulfill his agreement to see that other insurance was obtained upon the cancellation of the Iowa Mutual policy, did not constitute a waiver "as provided in this article."

[2, 3] The Commission found as a fact that the employer procured a policy of workmen's compensation insurance but that this policy had been cancelled shortly prior to the accident in this case. By purchasing this policy the employer accepted the provisions of the Workmen's Compensation Act and became bound thereby from the effective date of the policy. G.S. 97-13(b). Thereafter he and his employees were bound by its provisions unless, prior to any accident resulting in injury or death, notice to the contrary was given in the manner prescribed by G.S. 97-4. *Laughridge v. Pulpwood Co., supra.* While, as noted above, all of the evidence would tend to establish that no such notice was given prior to the accident in this case, the Commission failed to make any finding of fact on this point. "In case the findings are insufficient upon which to determine the rights of the parties, the court may remand the proceeding to the Industrial Commission for additional findings." *Byers v. Highway Comm.*, 275 N.C. 229, 233, 166 S.E. 2d 649, 651; Citing *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439. Accordingly, this proceeding is remanded to the Industrial Commission to make an additional finding of fact as to whether any notice of nonacceptance of the Act had been given prior to the accident in this case. If it shall find that the notice had not been so given, then it would follow as a conclusion of law from all of the facts found that the parties were subject to the Act at the time of the accident and the Commission will render award and decision in conformity with such conclusion.

Error and remanded.

MALLARD, C.J., and BRITT, J., concur.