JOSEPH G. WIGGINS v. RUFUS TART TRUCKING COMPANY

No. 8219IC460

(Filed 16 August 1983)

**Master and Servant § 48— workers' compensation—insufficient number of employees—insurance policy lapsed**

   The evidence supported a determination by the Industrial Commission that it had no jurisdiction of a workers' compensation claim because defendant employer did not regularly employ four or more employees at the time of

plaintiff's accident and for one year prior thereto, and because defendant did not have a workers' compensation insurance policy in effect at the time of the accident, a policy voluntarily purchased by defendant having lapsed some 25 days prior thereto. Defendant employer was not personally liable to plaintiff because it failed to notify its employees or the Industrial Commission that its policy had lapsed or that it intended to permit it to lapse.

APPEAL by plaintiff from an order of the North Carolina Industrial Commission entered 15 February 1982. Heard in the Court of Appeals 11 March 1983.

Plaintiff, Joseph G. Wiggins, was employed by defendant, Rufus Tart Trucking Company, as a truck driver on 18 May 1979, and for approximately two years prior thereto. While making a run in the employment of defendant on 18 May 1979, plaintiff was involved in a multi-vehicle accident on Interstate 95 near Jacksonville, Florida. As a result of the severe injuries sustained in that collision, plaintiff has had both legs amputated above the knee. Plaintiff filed this action with the North Carolina Industrial Commission on 23 June 1979. Deputy Commissioner Rich filed an opinion and award on 4 August 1981, finding that an employment relationship existed between the parties, but dismissing plaintiff's claim for lack of jurisdiction because the defendant did not regularly employ four or more employees at the time of plaintiff's accident and did not, on 18 May 1979, have in effect a Workers' Compensation insurance policy. Plaintiff appealed to the Full Commission. On 15 February 1982, an opinion and award was entered by the Full Commission affirming in all respects the opinion and award of the Deputy Commissioner. From entry of the order dismissing his claim, plaintiff appeals.

*Morgan, Bryan, Jones & Johnson, by James M. Johnson, for plaintiff appellant.*

*Stewart and Hayes, P.A., by D. K. Stewart, for defendant appellee.*

JOHNSON, Judge.

This is a Workers' Compensation action in which plaintiff seeks to recover total disability benefits as provided in the North Carolina Workers' Compensation Act, G.S., Chap. 97. The issues on appeal are whether the evidence in the record supports the Full Commission's findings (1) that the defendant was not subject

to the Workers' Compensation Act ("Act") because on 18 May 1979, and for one year prior thereto, defendant did not have four or more employees in his employment and (2) that defendant did not have a Workers' Compensation insurance policy in effect at the time of the accident. We find no error in the opinion and award of the Industrial Commission.

Plaintiff contends that the evidence supports a finding that the defendant did employ the requisite number of employees within one year of the plaintiff's accident. G.S. 97-2(1) and G.S. 97-13(b) require that the defendant employer regularly employ four or more employees in order to be bound by the Act. The question is one of jurisdictional fact and it is well established that the Industrial Commission's findings of jurisdictional facts are not conclusive on appeal. Rather, the reviewing court is required to consider the evidence and make an independent determination. *Askew v. Tire Co.*, 264 N.C. 168, 141 S.E. 2d 280 (1965); *Chadwick v. Department of Conservation and Development*, 219 N.C. 766, 14 S.E. 2d 842 (1941); *Durham v. McLamb*, 59 N.C. App. 165, 296 S.E. 2d 3 (1982).

The Deputy Commissioner found that on 18 May 1979, the date of the accident, the defendant had two employees including the plaintiff. The evidence supporting this finding is clear and un-contradicted as both parties testified that the defendant had only two employees in the month of May, 1979. The evidence support-ing the finding that defendant did not employ four or more employees within one year prior to the date of the accident is amply supported by plaintiff's Exhibit No. 5, the contents of which appear in the record by stipulation of the parties as follows:

> Plaintiff's Exhibit 5 is a copy of the defendant's Employer's Annual Federal Unemployment Tax Return showing defend-ant employing four (4) employees in the first quarter of 1978, three (3) in the second and third quarters, and only (2) in the fourth quarter.

The foregoing evidence, coupled with the testimony as to the number of employees in May 1979, is the extent of the evidence offered on this issue and it conclusively supports the Deputy Commissioner's finding that defendant did not regularly employ the requisite number of employees from May, 1978 to May, 1979.

Plaintiff's exception to this particular finding is obviously based on what appears to be a clerical error in Finding of Fact No. 1 where the Deputy Commissioner stated that, "Although defendant had four employees in the first quarter of 1979, he had reduced the number to three in the second and third quarters, and by the fourth quarter employed only two." As is evident from plaintiff's Exhibit No. 5, 1978 is the year in which the evidence shows defendant to have employed four or more employees in the first quarter, prior to the month of May. There is absolutely no evidence supporting such a finding for the year 1979. Accordingly, the Deputy Commissioner's finding and conclusion based thereupon, that defendant did not regularly employ four or more employees at the time of the accident nor in the preceding twelve months, is amply supported by the evidence ·of record and plaintiff's exception is without merit.

Plaintiff next contends that even if defendant did not have the requisite number of employees to be subject to the Act, he nonetheless became subject to it when he voluntarily took out a Workers' Compensation insurance policy. Plaintiff argues that the Deputy Commissioner erred by finding that defendant was not personally liable to plaintiff on the basis of this policy, despite the fact that the evidence conclusively shows that the policy had lapsed 25 days prior to plaintiff's accident, because defendant failed to notify both the Industrial Commission and his employees that his policy had lapsed or that he intended to permit it to lapse.

An employer who voluntarily purchases a Workers' Compensation insurance policy is conclusively presumed to have accepted the provisions of the Act during the life of the policy. G.S. 97-13(b). In Finding of Fact No. 1 the Deputy Commissioner found that the defendant purchased a policy on 23 April 1977, which expired on 23 April 1979. Pursuant to G.S. 97-13(b), the Deputy Commissioner refused to find the defendant subject to the provisions of the Act beyond the expiration date of his policy. Plaintiff excepts to the Deputy Commissioner's findings and conclusion on the grounds that this Court's opinion in *Crawford v. Pressley*, 6 N.C. App. 641, 171 S.E. 2d 197 (1969), established the rule that an employer who voluntarily takes out a Workers' Compensation insurance policy and allows it to lapse because he doesn't pay the premium remains personally liable to an employee who is injured

after the lapse of the policy, unless prior to the time of injury, the employer notifies his employees that the policy has lapsed or that he intends to allow it to expire.

We hold that the Industrial Commission correctly rejected plaintiff's contention that defendant remains subject to the provisions of the Act due to his failure to notify the Commission and his employees of the policy's expiration, despite the obvious appeal of this argument. *Crawford v. Pressley, supra,* is inapplicable precedent because the statutory notice provisions upon which the decision was predicated were repealed by the Legislature prior to plaintiff's accident. G.S. 97-3 and 97-4, on which *Crawford* was based, required an employer to give notice as provided therein when he was rejecting the provisions of the Act which he had previously presumptively accepted by his purchase of a Workers' Compensation insurance policy. G.S. 97-3 and 97-4 were modified and repealed, respectively, on 1 January 1975. G.S. 97-3 established a requirement of notice if an employer was going to waive acceptance of the provisions of the Act. Effective 1 January 1975, this statute was modified and the notice requirement was deleted. Session Laws 1973, c. 1291, s. 1. G.S. 97-4 provided the manner in which notice was to be given and it was deleted altogether. Session Laws 1973, c. 1291, s. 2.

Therefore, no statutory requirement of notice exists today and none existed on 23 April 1977, when defendant purchased the insurance policy, nor did any exist at the time the policy lapsed and plaintiff was injured. The Act as applicable to Workers' Compensation actions arising after 1 January 1975, clearly states that a self-insured employer is presumptively subjected to the provisions of the Act only for the life of the policy. G.S. 97-13(b). Once the policy ends, this presumption ends.

Plaintiff contends that there is no good reason for this Court to eliminate the notification requirement that a policy has been cancelled merely because G.S. 97-4 has been repealed. We do not disagree with plaintiff's contention regarding the value of a notice requirement when an employer is only subject to the provisions of the Act by virtue of his voluntary purchase of a Workers' Compensation insurance policy. Notice, especially to the employee, of the employer's intention to terminate the policy would at the least allow the employee the opportunity to obtain some form of

protection against disabling injury for himself. The plaintiff's injuries in this case are quite severe and the timing of his accident, just under one month after the lapse of defendant's policy, extraordinarily unfortunate. However, the rule of liberal construction cannot be employed to attribute to a provision of the Act a meaning divergent to the plain and unmistakable words in which it is couched. *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976). Finding merit in plaintiff's argument would be to ignore the plain meaning of G.S. 97-13(b). Plaintiff's pleas that those employers rejecting the provisions of the Act should be required to give notice are more appropriately addressed to the lawmakers in the Legislature, rather than the courts. Once defendant's insurance policy lapsed, he was no longer subject to the provisions of the Act, G.S. 97-13(b), and could not be held personally liable to plaintiff for his injuries.

For the reasons set forth above, we hold that the Industrial Commission correctly found and concluded that it lacks jurisdiction over the defendant because the defendant did not employ the requisite number of employees on 18 May 1979, and one year prior thereto, and did not have a Workers' Compensation insurance policy in effect at the time of the plaintiff's accident, to make him subject to the Act. The Industrial Commission's order dismissing plaintiff's claim for lack of jurisdiction is

Affirmed.

Judges WELLS and HILL concur.