The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford. As the appealing party has shown good ground to reconsider the evidence, the Full Commission reverses the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and enters the following:
 FINDINGS OF FACT
1. At all times involved in this proceeding defendant-employer, a corporation owned as a sole proprietorship by Ralph Pless, was engaged in the cable TV business providing service to approximately 400 customers in Ashe County, North Carolina.
2. At all times involved in this proceeding Phillips Insurance Agency was engaged in the business of assisting individuals and businesses to acquire various forms of insurance coverage from various insurance providers and carriers including the parties to this proceeding before the North Carolina Industrial Commission.
3. From May to July 1997, defendant-employer employed plaintiff as a cable repairman.
4. From time to time, Ralph Pless as operator of defendant cable TV business hired Gene Rotten to assist in maintaining the service of the business to its customers in emergency situations. Mr. Rotten's employment with defendant-employer did not occur with any consistency, but was irregular, sporadic, and brief in nature.
5. In the course of the operation of his cable TV business, Ralph Pless also performed work duties as a cable repairman and generally performed duties to keep the service effective to the customers of the business. When requested by the Ashe County Commissioners to report the nature and quality of the service his cable TV company was rendering to its customers, Pless reported that the business had two cable repairmen, one regular and one part-time. Thereafter, he indicated that he was the part-time repairman.
6. In the year preceding plaintiff's injury, defendant-employer did not regularly employ three or more persons.
7. Beginning 4 May 1995, defendant-employer acquired workers' compensation insurance coverage for two employees through Phillips Insurance Agency and paid an annual renewal premium on 4 May 1996. On 11 March 1997 defendant-employer and Phillips Insurance Agency received notice from the carrier that the policy would expire on 3 May 1997 if the premium was not paid on or before that date.
8. On 2 May 1997, Ralph Pless, acting on behalf of defendant-employer, presented the premium in full to Phillips Insurance Agency. Due to a secretarial error, the premium was misdirected and applied to defendant-employer's automobile policy which was also handled through Phillips Insurance Agency.
9. On 4 May 1997, defendant-employer's workers compensation policy was canceled due to nonpayment of premium.
10. At the time of plaintiff's injury by accident, defendant-employer was not covered by workers' compensation insurance and was not subject to the Act.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. § 97-13(b), an employer with less than three employees is not subject to the Act; therefore, the North Carolina Industrial Commission may not exercise jurisdiction over that employer. Because defendant-employer did not regularly employ three or more persons in the operation of his business, the Commission does not have jurisdiction over plaintiff's claim in this case. Id.
2. An employer with less than three regular employees may voluntarily subject himself to the Act by purchasing workers' compensation insurance, thereby creating the conclusive presumption that during the life of the policy he has accepted the provisions of the Act. N.C. Gen. Stat. § 97-13(b). In the case before us, there is uncontradicted evidence that there was no workers' compensation insurance policy in effect at the time of plaintiff's injury by accident; therefore, the North Carolina Industrial Commission does not have jurisdiction over plaintiff's claim. Wiggins v. Rufus Tart Trucking Co.,63 N.C. App. 542, 305 S.E.2d 749 (1983).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the ruling of the Deputy Commissioner and enters the following:
 ORDER
1. Because the Industrial Commission does not have jurisdiction over the parties or the subject matter in this case, plaintiff's claim is dismissed.
2. The parties shall divide the costs of this action.
This is the _____ day of February 1999.
 S/ _____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ RENÉE C. RIGGSBEE COMMISSIONER
S/ _____________ CHRISTOPHER SCOTT COMMISSIONER
DCS:jbd