JOSEPH FALEY, PETITIONER-DEFENDANT, v. TRENTON MALLEABLE IRON COMPANY, PROSECUTOR-RESPONDENT.

Submitted January 25, 1935—Decided April 4, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the prosecutor, *Henry M. Hartmann.*

For the defendant, *William Reich.*

PER CURIAM.

This is a *certiorari* to the Mercer Common Pleas, which affirmed an award of the workmen's compensation bureau in favor of the petitioner Faley. The case is submitted on briefs, and the grounds argued are (1) that the deputy commissioner refused to dismiss the petition for lack of proof of an accident; (2) (a) that he refused to give consideration to certain X-ray photographs duly admitted in evidence, (b) or to a previous accident suffered by the petitioner; (3) that the Common Pleas on appeal erroneously required the employer to pay the cost of a stenographic transcript for the use of the petitioner; (4) that the proofs do not furnish a rational basis for the judgment; which seems to be tantamount to saying that the evidence does not support the finding.

The date of the alleged accident was August 9th, 1932. From the commissioner's determination it appears that there

was previously either an agreement or an award of temporary disability plus three per cent. total disability for fifteen weeks. On June 27th, 1933, the formal petition was filed herein, the employer answered in due course, and the matter was tried before the deputy commissioner, who found on the testimony before him, that "petitioner must have had an arthritic condition of the back prior to the accident of August 9th, 1932," and that on that day he sustained an injury to his back while at work. The disability was fixed at thirty per cent. for one hundred and thirty-five weeks.

There was a petition by the employer to reopen this award, for several reasons not necessary now to reproduce in full. This was denied; and on appeal to the Common Pleas the award was affirmed.

As to the first point, we think there was substantial proof of an accident in the sense intended by the statute. In fact, the answer admitted this. Moreover, we have the prior award or agreement, whatever it was; and the evidence indicated a sudden breakdown while handling a heavy mould. The point seems altogether unsubstantial.

Point 2 (a) is that certain X-ray photographs taken in 1930, two years before the accident, were not considered, and (b) that the prior accident in connection with which they were taken was not considered. It does appear, at the very end of the printed book, that on a motion to reopen the case, March 23d, 1934 (a petition of that date was filed April 10th) the commissioner said "as regards these X-rays, I disregarded them *in my findings*. I gave no consideration to a previous accident. This man was working up until the time of the second occurrence and from that time on he couldn't work, and whether there was a pre-existing condition or not, it makes no difference." Concluding, he said: "I fixed it on the facts proven of the second accident, and I said nothing about the first X-rays * * *." There had been some hint, apparently unsupported by proof, that the 1930 X-rays were not pictures of the petitioner, but it was not followed up, and fell by the wayside. The commissioner filed a written order denying the petition to reopen, repudiating any suggestion that he had given any attention to *ex parte* sug-

gestions out of court that the X-rays were spurious, and added that "an understanding reading of the decision would show that consideration was given the respondent's evidence concerning the original X-rays." As to the second branch of point 2, the case makes it fairly clear that the award was based on the difference in disability between that existing after the second accident (1932) and that due to the 1930 accident, if persisting at the time of the second. The award is for "30 per cent. total disability *as the result* of lighting up or rendering active this pre-existing arthritic condition."

Point 3 challenges the award in the Pleas, of $127 as part of the costs, for stenographic transcript of the hearing before the bureau. We think the award was proper. The petitioner had prevailed: the employer appealed, and petitioner had to defend his award. The case, under the statute, is heard upon the stenographic transcript of the evidence before the commissioner. *Pamph. L.* 1932, *ch. 25, p.* 38; 1932 *Stat. Serv.* **236-60. The proposition is that the successful petitioner must pay for a state of the case when his award is appealed. To this we do not agree. The act just cited requires the transcript to be filed in the Common Pleas, and provides that costs when awarded shall be taxed and allowed as for like services in the Common Pleas Courts. The Common Pleas Fees and Costs act of 1926 (*Pamph. L., p.* 395—at *p.* 403) provides that "a party to whom costs are awarded in an action, motion, or other proceeding, is entitled to include his necessary disbursements, as follows * * * the fees for taking depositions, as provided by law; * * * the legal fees paid for a certified copy of a deposition or other paper * * * recorded or filed in any public office, necessarily used or obtained for use * * * upon appeal * * *."

We perceive adequate statutory authority for the award in question.

Point 4. Finally, that "the proofs did not furnish a rational basis for judgment." We have examined them, and think that they do. Moreover, two independent courts have agreed in the same finding, on evidence deemed satisfactory, and we see no good reason to overrule them in this regard.

The judgment will be affirmed, with costs.