L. H. McMILLIN, PETITIONER-RESPONDENT, v. THE CALCO CHEMICAL COMPANY, INCORPORATED, RE-SPONDENT-PROSECUTOR.

Submitted October term, 1936—Decided December 29, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the petitioner-respondent, *Robert Watkins.*

For the prosecutor, *Clarence B. Tippett.*

BROGAN, CHIEF JUSTICE. The writ brings up for review a judgment in favor of the petitioner in a workmen's compensation case. In the bureau the deputy commissioner found that the decedent met his death by an accident arising out of and in the course of his employment and awarded compensation to his dependents. On appeal to the Somerset County Court of Common Pleas, the findings of the bureau were affirmed.

The prosecutor of this writ of *certiorari,* as its first point, challenges the judgment of the court below, contending that the decedent did not meet his death by an accident arising out of and in the course of his employment, and that the petitioner below did not sustain the burden of proof to support an award by a fair preponderance of credible, legal testimony.

Admittedly the decedent, Thomas McMillin, was employed in the accounting department of the Calco Chemical Company

at Bound Brook, New Jersey. On the day of his death, Monday, March 14th, 1932, he came to the office of the plant, registered that fact by punching the time clock a few minutes after six in the morning and left the office shortly after two-thirty in the afternoon. The clock and time cards also show that he entered the office of the company again that same evening at seven-forty-one and left an hour later accompanied by two other members of the office staff, a Mr. Scher, his superior, and a Mr. Ortepio, a fellow employe. All three got into an automobile belonging to the decedent and as they were crossing the Central Railroad Company right of way, which ran through or across the property of the employer, Calco Chemical Company, were run down by a train and all of them killed.

In the brief of the prosecutor, passing mention is made that the accident did not occur on the premises of the employer, but on the tracks of the railroad company. There is no merit whatever to this argument. The roadway leading into the plant, laid out as it is over the lands of the employer, was built for the convenience and use of those coming to or leaving the plant. The railroad right of way is laid out across these privately owned lands.

The employer owns the land on each side of the railroad right of way and employes parked automobiles on the land between the railroad tracks and the plant of the employer, or on the land between the railroad tracks and the public highway.

The deputy commissioner determined that employes in the accounting department quite frequently worked in the evenings; that the decedent was accustomed to work in the evenings, laying out work for other employes to do the following day, and that he reported to the office on the night of his death to perform some duty for the company. The Common Pleas Court reached the same determination and our examination of the record convinces us that there was testimony to support that conclusion.

It is argued that the bureau erroneously accepted the testimony of a Miss McLean that decedent had told her on the telephone that he had work to do on the night in question

at the office that would occupy his time until nine o'clock. Whether this testimony formed a partial basis for the determination of the bureau on this element of the case does not appear since the deputy commissioner does not refer to it in his findings of fact. The Common Pleas judge, however, did refer to it and arrived at the same fact conclusion as the deputy commissioner, independent of a consideration of the testimony of Miss McLean. In this we think he was legally correct.

We think that the findings of fact of two independent fact finding tribunals concurring in the same conclusion should not be overruled by us when the evidence before those tribunals supported their conclusion. *Faley* v. *Trenton Malleable Iron Co.,* 13 *N. J. Mis. R.* 286; 177 *Atl. Rep.* 859; *affirmed,* 115 *N. J. L.* 579; 181 *Atl. Rep.* 149.

It is next argued that the award made to the brother and two sisters of the deceased as partial dependents cannot be sustained within the intendment of the statute. These dependents live in Ohio and the testimony of the decedent's parents as to the partial dependence of the younger brother and two sisters was obtained by deposition. Both sides submitted interrogatories.

The evidence thus obtained tended to prove that the decedent sent his parents $30 a month to assist in the maintenance and education of these three younger members of the family. This, too, was a question of fact and was decided adversely to the prosecutor. Again we see no reason whatever to disturb the conclusion of the court below since there was evidence to support it. No good reason is advanced in the brief of the prosecutor why we should do so.

The judgment of the Common Pleas Court is affirmed, with costs.