New Jersey Department of Labor,
Workmen's Compensation Bureau.

## DOUGLAS T. DEWAR, PETITIONER, v. GENERAL MOTORS CORPORATION, LINDEN DIVISION, RESPONDENT.

Decided March 28, 1941.

For the petitioner, *Samuel L. Rothbard* (*Henry Harris,* of counsel).

For the respondent, *McDermott, Enright & Carpenter* (*Carl S. Kuebler,* of counsel).

\*        \*        \*        \*        \*        \*        \*

From the testimony presented before me, and the depositions taken of the petitioner at the Presbyterian Hospital, it appears that the petitioner was employed by the respondent on November 8th, 1940, working on the night shift. He came to work in the automobile of a co-employe, John Arace, who parked his car in the parking lot owned, controlled and operated by the respondent, immediately adjacent to its plant at Linden, New Jersey. Upon completion of his work at approximately three A. M., the petitioner and John Arace checked out from the respondent's plant and proceeded across the parking lot where their automobile was parked. The

parking lot was divided into different lanes by wooden markers and the petitioner tripped over one of the wooden markers and fell, causing a laceration and injury to his left knee. He at no time left the premises of the respondent company. He returned to the respondent's plant where he received first aid, and his leg was cleaned of the dirt and cinders and bandaged by the respondent's nurse. He returned the following day and was treated by the respondent's plant physician and continued to work until November 11th, 1940, when he became acutely ill so that his wife called Dr. John J. Torppey, who treated the petitioner and sent him to the Presbyterian Hospital where he is still a patient because of complications and infections resulting from the injury to his knee.

Thereafter the respondent denied liability for the petitioner's condition and refused him treatment when requested to do so. The basis for the denial of liability by the respondent as set forth in its answer was that the petitioner had finished his work and was outside of its plant when the accident occurred, and further, that the petitioner at the time of the accident was running through its parking lot in violation of the respondent's rules.

The testimony is undisputed that the parking lot of the respondent adjacent to its plant was owned, controlled and supervised by the respondent as a parking ground for the automobiles of its employes. It was within the confines of the respondent's premises.

In the case of *McMillan* v. *Calco Chemical Co.*, 15 *N. J. Mis. R.* 68; 188 *Atl. Rep.* 694, our Supreme Court held that an employe who checked out of the factory wherein he worked and who was killed while crossing a railroad right of way on his employer's premises, had met with an accident arising out of and in the course of his employment.

In the instant case, the petitioner, immediately after checking out of the respondent's plant, proceeded to the parking lot within the confines of the respondent's premises and at no time left the confines of the premises. An injury suffered on the said parking lot owned and controlled by the respondent for the mutual benefit of both the respondent and the peti-

tioner, arises out of and in the course of the petitioner's employment.

The respondent's defense that the accident resulted from a violation of the employer's rules must likewise fail.

The respondent contends that the petitioner violated the company rule which states "running in the plant is not permitted at any time." In the first place the petitioner and his co-employe both testified that he was not running when the accident occurred, but was walking when he tripped over a wooden marker. Furthermore, the accident did not occur in the plant of the respondent, but occurred in the parking lot outside of the plant. The rule cited is therefore not applicable. However, the law is well settled that disobedience of an order or breach of a rule is not of itself sufficient to bar a claim for compensation as long as the workman keeps within the sphere of his employment. *Belyus* v. *Wilkinson Gaddis Co.*, 115 *N. J. L.* 43; 178 *Atl. Rep.* 181; *affirmed*, 116 *N. J. L.* 92; 182 *Atl. Rep.* 873; *Bubis* v. *Flockhart Foundry Co.*, 15 *N. J. Mis. R.* 299; 191 *Atl. Rep.* 281; *affirmed*, 120 *N. J. L.* 177; 198 *Atl. Rep.* 851.

I therefore find and determine that the petitioner met with an accident arising out of and in the course of his employment by the respondent on November 8th, 1940, resulting in injuries from which he is still under hospitalization and medical treatment.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN C. WEGNER,
*Deputy Commissioner.*