MRS. ESTER BYERS, Widow and Administratrix of the Estate of WEAVER BYERS, Deceased Employee v. NORTH CAROLINA STATE HIGHWAY COMMISSION, Employer Self-Insurer, STANDARD CONCRETE PRODUCTS COMPANY, Third Party Tort-Feasor

No. 12

(Filed 9 April 1969)

1. **Master and Servant § 89— workmen's compensation — distribution of recovery against third party tortfeasor**

    Where an employee subject to the Workmen's Compensation Act is injured or killed as a result of the negligence of a third party, recovery for injury or death in a tort action against the third party must be distributed by the Industrial Commission according to the order of priority set out in G.S. 97-10.2(f)(1).

2. **Master and Servant § 96— appeal of Industrial Commission decision — scope of review**

    In appeals from the Industrial Commission, the superior court sits as

a court of appeals and as such may determine upon proper exceptions that the facts found by the Industrial Commission were or were not supported by competent evidence; that the findings so supported do or do not sustain the legal conclusions and the award of the Industrial Commission.

**3. Master and Servant § 96— appeal of Commission decision — scope of review**

In case the findings of the Industrial Commission are insufficient upon which to determine the rights of the parties, the court may remand the proceeding to the Commission for additional findings; in no event may the court make findings of its own.

**4. Master and Servant § 89— distribution of wrongful death recovery — appeal — jurisdiction of superior court**

On appeal to the superior court from an order of the Industrial Commission directing that the entire amount recovered in a wrongful death action brought by the administratrix of the estate of the deceased employee be paid to the employer in satisfaction of its subrogated rights under G.S. 97-10.2(f)(1)(c), the superior court is without authority to make independent findings of fact and, based thereon, to order distribution to the administratrix rather than to the subrogee.

**5. Master and Servant § 89— distribution of wrongful death recovery**

Recovery in a wrongful death action is not exempt from disbursement by the Industrial Commission under G.S. 97-10.2(f)(1)(c) where the Workmen's Compensation Act is applicable to the deceased employee.

**6. Master and Servant § 89— wrongful death recovery by administratrix — employer's right to subrogation — failure to participate in recovery**

Employer, by its failure to participate in the trial and appeal of a wrongful death action brought by the administratrix of the estate of the deceased employee, did not forfeit its subrogation right to be reimbursed out of the recovery from the third party whose negligence caused the death, since, the suit having been brought within one year from the employee's death, his personal representative had exclusive control of the proceedings against the negligent third party.

ON *certiorari* to the North Carolina Court of Appeals to review its decision filed in this case on December 11, 1968 and reported in 3 N.C. App. 139.

*Robert Morgan, Attorney General; Harrison Lewis, Deputy Attorney General; Fred P. Parker, III, Trial Attorney, for the Respondent-appellee.*

*Hayes & Hayes by Kyle Hayes, for the plaintiff-appellant.*

HIGGINS, J.

The facts controlling decision in this case are not in dispute. On and prior to May 25, 1965, Weaver Byers was a regular employee of the North Carolina State Highway Commission. Both employer and employee were subject to, and their employment relations were governed by, the North Carolina Workmen's Compensation Act. The employer was a self-insurer.

On May 25, 1965, Weaver Byers was injured when the highway bridge on which he was at work collapsed. He died the following day as a result of his injuries. The Highway Commission admitted liability under the Workmen's Compensation Act. Under orders of the North Carolina Industrial Commission, the employer paid hospital and burial expenses, and is continuing to pay $37.50 per week to the employee's dependents. The Highway Commission's outlay on account of Byers' death will exceed $12,000.

Within one year after the death of Weaver Byers, his widow, administratrix of his estate, instituted in the Superior Court of Wilkes County a wrongful death action against Standard Concrete Products Company, alleging her intestate's death was proximately caused by the actionable negligence of the defendant as a responsible third party and that by reason thereof the estate had been damaged in the sum of $50,000. Specifically, she alleged the bridge on which her husband was at work collapsed when the agent of the defendant attempted to drive a truck load of concrete, total weight 40,000 lbs., over the bridge which he knew was designed to carry a load not in excess of 20,000 lbs.

The wrongful death action came on for trial at the May-June, 1966 Civil Session, Wilkes Superior Court. At the conclusion of the plaintiff's evidence, the court sustained the defendant's motion for compulsory nonsuit. From the judgment dismissing the action, the plaintiff appealed. This Court reversed the judgment and remanded the cause to the Superior Court for trial. 268 N.C. 518. Although notified of the trial in the wrongful death action and the appeal from judgment of nonsuit, nevertheless, the Highway Commission failed to participate or to render assistance in prosecuting the appeal.

After this Court remanded the cause, the parties signed a consent judgment and the defendant, according to the agreement, paid into court the sum of $7,500 in full settlement of all liability to the estate. In consideration of the settlement, the Highway Commission executed to Standard Concrete Products Company a release from all liability.

Mrs. Byers, administratrix, filed a petition before the Industrial Commission requesting an order: (1) approving the settlement; and (2) adjudging the net recovery belonged to her as personal representative; or in the alternative, a finding the Highway Commission, by failing to assist in prosecuting the appeal from the nonsuit judgment, had abandoned its right to claim any of the proceeds arising from the settlement.

The Chairman of the Industrial Commission, and on further review the full Commission, ordered that the amount of recovery, less cost and attorney's fee, be paid to the Highway Commission as subrogee. On appeal from the Industrial Commission's order, Judge Gambill, in the Superior Court, purported to make extensive findings of fact, and based thereon, reversed the judgment of the Industrial Commission and directed that the remaining funds, after payment of cost and attorney's fee, be paid to the administratrix "for distribution among the heirs at law of the deceased". The Highway Commission, as subrogee, appealed to the North Carolina Court of Appeals which reversed the judgment of the Superior Court and remanded the cause for distribution according to the award of the Industrial Commission.

[1] The order of the Industrial Commission and the decision of the Court of Appeals are clearly correct. They followed precisely the requirements of G.S. 97-10.2(f)(1)(a)(b)(c). The Superior Court fell into error in two particulars. First, the court failed to realize that in case an employee subject to the Workmen's Compensation Act is injured or killed as a result of the negligence of a third party, recovery for the injury or death "shall be distributed by order of the Industrial Commission for the following purposes and in the following order of priority:" (a) payment of court costs; (b) payment of the attorney's fee; (c) reimbursement of the employer for all benefits by way of compensation or medical treatment expenses paid or to be paid by the employer under award of the Industrial Commission; (d) payment of any remaining amount to the employee or his personal representative. Since the passage of the Compensation Act, this Court has held recovery from a responsible third party must be distributed by the Industrial Commission according to the order of priority set out in the Act. "The distribution of any recovery (in a tort action against a third party) is a matter for the Industrial Commission under G.S. 97-10.2(f)." *Spivey v. Wilcox Co.*, 264 N.C. 387, 141 S.E. 2d 808; *Cox v. Transportation Co.*, 259 N.C. 38, 129 S.E. 2d 589.

[2-4] Second, the Superior Court undertook to make independent

findings of fact; and based thereon, attempted to reverse the award of the Industrial Commission, and to order distribution to the personal representative rather than to the subrogee. The Superior Court, as a court of appeals in these matters, exceeded its power.

It has been considered settled law in this State that in appeals from the Industrial Commission, the Superior Court sits as a court of appeals. As such it may determine upon proper exceptions that the facts found by the Industrial Commission were, or were not supported by competent evidence; that the findings so supported do, or do not sustain the legal conclusions and the award of the Industrial Commission. *Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272; *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706; *Reed v. Lavendar*, 206 N.C. 898, 172 S.E. 877. In case the findings are insufficient upon which to determine the rights of the parties, the court may remand the proceeding to the Industrial Commission for additional findings. *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439; *Thomason v. Cab Co., supra*. In no event may the court make findings of its own. *Brice v. Salvage Co., supra; Ussery v. Cotton Mills*, 201 N.C. 688, 161 S.E. 307. " 'In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) whether . . . there was any competent evidence before the Commission to support its findings of fact; and (2) whether . . . the findings of fact of the Commission justify its legal conclusions and decisions.' " *Mason v. Highway Commission*, 273 N.C. 36, 159 S.E. 2d 574; *Bailey v. Department of Mental Health*, 272 N.C. 680, 159 S.E. 2d 28; *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760. Obviously the Superior Court, on appeal, could neither find facts nor adjudicate matters within the jurisdiction of the Industrial Commission. *Butts v. Montague Bros.*, 208 N.C. 186, 179 S.E. 799.

[5, 6]     We do not find authority either in the statutes or in our case law for holding recovery in a wrongful death action is exempt from disbursement by the Industrial Commission if the Workmen's Compensation Act is applicable to the injured employee. Likewise, we find nothing in the record which will support the contention the Highway Commission as subrogee has waived its right to be reimbursed out of the recovery from the third party whose negligence caused the injury. By failing to participate in the appeal, the Highway Commission did not forfeit its right of subrogation. Suit having been brought within one year from his death, the personal representative of the deceased employee had the exclusive control of the trial procedure against the negligent third party. This right of control is recognized in the Workmen's Compensation Act in wrong-

ful death cases. The third party whose negligence caused the death may be held responsible for the total pecuniary loss to the estate. The net recovery from the responsible third party (except that which must be returned to the subrogee for its outlay) goes to the personal representative under G.S. 97-10.2(f)(1)(d). The compromise settlement in this case was insufficient to reimburse the Highway Commission for its outlay. Nothing remained to be distributed to the personal representative. The Highway Commission did not waive its right to the fund as subrogee by permitting the personal representative to exercise exclusive control of the trial in the wrongful death action. Failure to act is not a waiver unless someone has been misled to his prejudice. *Hawkins v. Finance Co.*, 238 N.C. 174, 77 S.E. 2d 669; *McNeely v. Walters*, 211 N.C. 112, 189 S.E. 114.

The decision of the North Carolina Court of Appeals is

Affirmed.