William D. LEWIS and Pattie Lewis,
his wife, Plaintiffs,

v.

The HOME INSURANCE COMPANY,
Defendant.

Superior Court of Delaware,
New Castle.

Dec. 7, 1973.

James A. Walsh, Wilmington, for plaintiffs.

F. Alton Tybout, and Jeffrey S. Goddess, of Tybout, Redfearn & Schnee, Wilmington, for defendant.

TAYLOR, Judge.

Plaintiff obtained a default judgment against Charles Irving Lewis [insured] in the amount of $6,467.15 on June 26, 1970. This action is brought against insured's liability insurance carrier, The Home Insurance Company [insurer] to recover the amount of the judgment previously obtained against insured.

Insurer has moved for summary judgment on the ground that written notice was not given by or on behalf of insured "as soon as practicable" after the accident, and that insured did not immediately forward to insurer the demand notice and summons relating to suit, both being required by the policy.

The issue here is whether the conditions or limitations of the policy are applicable to the third party who is suing the insurer to recover upon a judgment obtained against the insured. The insurance policy provided that no action would lie against the insurer "unless, as a condition precedent, the insured shall have fully complied with all of the terms of the policy." The policy further provided: "Any person . . . who has secured such judgment . . . shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy . . . .".

The right of an injured third party to recover from a liability insurer upon a judgment obtained against an insured has been upheld either on the basis of subrogation or on the basis of third party beneficiary. 8 Appleman, Insurance Law and Practice 212–14, § 4831, Chittick v. State Farm Mutual Insurance Co., D.Del., 170 F.Supp. 276 (1958). Under the principle of subrogation, a plaintiff asserts the right of action of the insured and is clearly bound by the limitations and conditions which surround the insured's rights. Ibid.

Here, plaintiff contends that this action is brought as a third party beneficiary to the contract and that public policy intervenes to bar the insurer from asserting the conditions which it would be entitled to assert against the insured. In support of this proposition, plaintiff cites Cooper v. Government Employees' Insurance Co., 51 N.J. 86, 237 A.2d 870 (1968). Cooper was an action by an insured against the insurer under a policy which required the insured to notify the insurer of the accident "as soon as practicable". At the time of the accident, the insured was unaware that a claim was being made, since there was no damage to the vehicles and the third party did not appear to be hurt. Suit was filed approximately two years thereafter, and at that time the insurer was notified by the insured of the accident. The New Jersey Supreme Court distinguished an earlier decision which strictly applied such contract provision on the ground that New Jersey had adopted a liberalizing statute applica-

ble to contracts such as this and thereby had established a public policy that such provision should be applied most favorably to the insured. *Cooper* involved a direct relationship between an insured and an insurer and hence is not of assistance with respect to the relationship between an insurer and an injured third party.

■■ With respect to the principle of third party beneficiary, the general rule is that a third party beneficiary must accept the contract as it was made and his rights are subject to all of the equities and infirmities existing between the original parties. 17A C.J.S. Contracts § 519(4)h(b) p. 988; Farmers Bank of State of Delaware v. Howard, Del.Ch., 276 A.2d 744 (1971). Applying this principle to automobile liability insurance, it is stated that the injured third party stands in the shoes of the insured and that his rights against the insurer are no greater than those of the insured. 8 Appleman, Insurance Law and Practice 164, § 4811. In general, this principle applies even where statutes have defined a public policy, such as compulsory insurance, except to the extent that the statute has dealt with the problem in a way which is specific to the contract provision.[1] Ibid, pp. 215, 219–32, §§ 4831, 4833.

■ In this case, the insurance policy provides:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined . . . by judgment against the insured".

The policy then provides:

"Any person . . . who has secured such judgment . . . shall thereafter be entitled to recover under this policy

to the extent of the insurance afforded by this policy."

The contention might be made with respect to the latter quoted provision that the only prerequisite for a third party to sue the insurer was the recovery of judgment against the insured. However, the language does confine the action against the insurer to recovery "under this policy to the extent of the insurance afforded by this policy." This language, coupled with the language first quoted above, indicates an intent to limit the right of recovery to instances where the conditions of the policy have been complied with, even in actions brought by an injured third party. Hence, under the terms of the policy, plaintiff is not entitled to recover unless there has been compliance with the terms and conditions of the policy.

■ The next issue is whether notice was given to the insurer "as soon as practicable", as required by the policy. It is undisputed that the accident occurred on May 29, 1967 and that the first notification of insurer of the accident was received by insurer on June 30, 1969. Suit against the insured was filed on May 20, 1969, served on the insured on June 6, 1969 and forwarded by the insured to insurer's agent on June 26, 1969. While various factors may be taken into consideration in applying an insurance policy requirement of this sort, such as the physical and mental condition of the insured, his unawareness that he was covered by insurer for the risk involved, and his unawareness that there had been an occurrence which might result in a claim against him or against his insurer, none of these factors appears to be present in this case. cf. Lilly v. Ohio Casualty Insurance Company, D.Del., 234 F.Supp. 53 (1964). No reason for the delay in notification appears, other than indifference or hostility of the insured to the accident and to plaintiff's claim.[2]

---

1. The Court's attention has not been directed to any Delaware statute limiting the right of the insurer to place a condition such as that involved here in its policy.

2. The issue of whether notice could have been given by the injured third party to the insurer is not involved here. cf. 6 Blash-

■ Plaintiff contends that insurer should not be able to benefit from that clause unless insurer can show that it was prejudiced by the delay in the notice. Plaintiff recognizes that this Court, by decision in State Farm Mutual Insurance Co. v. Fairy Belle Johnson, No. 954, C.A., 1970 (Letter Opinion dated October 7, 1971, O'Hara, J.), has held that in determining whether compliance has been made with such a provision, an insurer need not show prejudice resulting from the delay in notice. The fact that the decision in *Fairy Belle Johnson* was given as a part of pretrial procedure rather than on a motion for summary judgment does not weaken its impact. *Fairy Belle Johnson* was cited with approval in Bradford, Inc. v. Travelers Indemnity Company, Del.Super., 301 A.2d 519 (1972). However, plaintiff contends that this Court should now follow the policy adopted in New Jersey by a line of cases beginning with Cooper v. Government Employees Insurance Company, 51 N.J. 86, 237 A.2d 870 (1968) which require a showing of prejudice to the insurer. As noted above, the current judicial policy in New Jersey is an outgrowth of a statute adopted in New Jersey. Delaware does not have such a statute. The holding of this Court in *Fairy Belle Johnson* represents the prevailing view in other jurisdictions. 8 Appleman, Insurance Law and Practice 15, § 4732.

■ The Court concludes that as a matter of law the unexplained failure to report an accident for almost two years violates the requirement that notice be given as soon as practicable. cf. Bradford, Inc. v. Travelers Indemnity Company, supra, 13 Couch on Insurance 2d 711–13 § 49:122. The Court cannot conclude as a matter of law that the failure to forward the summons or notice of suit for a period of twenty days violates the requirement that the notice be forwarded immediately. Upon the record in this case before the Court, the Court has no alternative but to grant the motion for summary judgment.

■ In reaching this conclusion, the Court must point out that notwithstanding requirements that owners and operators of motor vehicles carry substantial insurance coverage, the law has not undertaken to assure protection for the public either as to the appropriate policy provisions with respect to the situation such as that involved in this litigation or in some manner protecting the public against various examples of failure of the insured to comply with the conditions which the insurer may insert in the policy. Absent statutory regulation, the content of the insurance policy is a matter of contract between the parties. In reality it is the terms which the insurer writes. Attention should be given to adoption of a statute or regulation providing appropriate and reasonable protection while at the same time recognizing the practical problems of the insurer.

Defendant's motion for summary judgment is granted.

It is so ordered.

field, Cyclopedia of Automobile Law & Practice 38, § 4033; 8 Appleman, Insurance Law and Practice, §§ 4734, 4738; 13 Couch on Insurance 699, § 49:101.