MARTHA BARHAM, Employee v. FOOD WORLD, INC., Employer and STAND-
ARD FIRE INSURANCE COMPANY, Carrier

No. 123

(Filed 3 June 1980)

**Master and Servant § 62.1— workers' compensation—grocery store employee—fall
in loading zone while going from car to work site—no on-premises injury**

An injury to plaintiff grocery store employee when she slipped and fell on
ice in a loading zone in front of defendant employer's store in a shopping
center while she was walking to her work site after parking her car in the
shopping center parking lot did not occur on her employer's premises and thus
did not arise out of and in the course of her employment where defendant
neither owned nor leased the parking lot or the loading zone; although defend-
ant had instructed employees not to park in the loading zone and had occa-
sionally asked customers to move their cars from the zone, it had no
responsibility for the upkeep of the loading zone area and had no authority or
obligation under its lease with the shopping center to instruct drivers not to
park in any area; the parking lot and loading zone were common areas and all
of the stores had access to them for the convenience of their customers; and
plaintiff failed to show that she was performing any duties for defendant
employer at the time of her injury or that she was exposed to any danger
greater than that of the public generally.

Justice BROCK took no part in the consideration or decision of this case.

Justice COPELAND dissenting.

Justice CARLTON joins in the dissenting opinion.

APPEAL from the decision of the Court of Appeals, *Judge Hill*
dissenting, reported at 45 N.C. App. 409, 263 S.E. 2d 285, affirm-
ing the opinion and award of the Industrial Commission which
upheld the findings and award of Commissioner Coy M. Vance.

The essential facts of this case are not in dispute. Plaintiff,
Martha Barham, was employed by defendant employer at its
Store No. 19 located in King's Shopping Center at Muirs Chapel
Road and Market Street in Greensboro, North Carolina. Her
duties consisted of waiting on customers at the store's
delicatessen and bakery.

Eight or nine stores were located in the King's Shopping
Center. All of the stores fronted on a common sidewalk. The
sidewalk and the shopping center's parking lot were used by the
customers and employees of all the stores. A loading zone was

located in front of three businesses: King's, the Country Kitchen, and defendant Food World's store. The loading zone was marked by yellow lines and was used for pickups and deliveries.

On 4 February 1977, plaintiff parked her car in the parking lot and walked toward defendant employer's store. As she approached the front of the store, she noticed some ice running across the parking lot and attempted to step over it. In so doing, she slipped and fell backwards into the loading zone and sustained injuries to her head.

Plaintiff filed a claim with the Industrial Commission, and the case came on for hearing on 29 November 1978 before Commissioner Coy M. Vance for the sole purpose of determining whether the claim was compensable under the North Carolina Workers' Compensation Act, G.S. 97-1 *et seq.* Commissioner Vance found as a fact that plaintiff "sustained an injury by accident arising out of and in the course of her employment" and concluded that plaintiff's injury was compensable under the Act. Defendants appealed, and the Full Commission, one member dissenting, affirmed the Commissioner's order and award. Defendants appealed to the Court of Appeals and that court, in an opinion by Judge Martin (Harry C.), Chief Judge Morris concurring, affirmed. Judge Hill dissented and defendants appealed to this Court pursuant to G.S. 7A-30(2).

*McNairy, Clifford & Clendenin, by Harry H. Clendenin, III, for plaintiff appellee.*

*Smith Moore Smith Schell & Hunter, by J. Donald Cowan, Jr. and William L. Young, for defendant appellants.*

BRANCH, Chief Justice.

The sole question presented for review is whether plaintiff sustained an injury arising out of and in the course of her employment with defendant Food World. Defendants maintain that the evidence does not support a finding or conclusion that plaintiff's injury occurred on the premises of the employer and that therefore plaintiff's injury did not arise out of and in the course of employment. Plaintiff, on the other hand, contends that the evidence supports the conclusion that defendant employer had control of the loading zone; thus, she argues that the area should

be treated as the employer's premises. Plaintiff submits that, since the injury occurred on the defendant Food World's premises, she sustained an injury arising out of and in the course of her employment.

In reviewing an order and award of the Industrial Commission in a case involving workmen's compensation, this Court is limited to a determination of (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings. *Byers v. Highway Commission*, 275 N.C. 229, 166 S.E. 2d 649 (1969). Whether an injury arose out of and in the course of employment is a mixed question of law and fact, and where there is evidence to support the Commissioner's findings in this regard, we are bound by those findings. *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976).

Commissioner Vance's findings of fact in the instant case include the following:

4. The defendant employer leased the store which gave them access to the entire parking lot of the shopping center to allow their customers and employees to use while shopping and working. There was a sidewalk which ran in front of each store in the shopping center.

5. There was a traffic lane marked off with yellow lines directly in front of defendant employer's store for the convenience of their customers to pick up and load their groceries. Delivery trucks also parked there when unloading supplies delivered to defendant employer. The bag boys employed by defendant employer placed groceries in customers' cars in the loading zone.

6. Mr. James Hill, manager of the store, notified employees where they should park while at work away from directly in front of the store in order that the customers could use the space directly in front of the store.

* * *

9. Defendant employer leased space for Store No. 19 and the lease gave the store access to all parking spaces at the shopping center for its employees' and customers' use.

The Commissioner then found as a fact and concluded as a matter of law that plaintiff sustained an injury arising out of and in the course of her employment.

In order to be compensable under our Workers' Compensation Act, an injury must arise out of and in the course of employment. G.S. 97-2(6). The two requirements are separate and distinct, and both must be satisfied in order to render an injury compensable. *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E. 2d 529 (1977). The term "arising out of" refers to the origin or causal connection of the injury to the employment; the phrase "in the course of" refers to the time, place and circumstances under which the injury by accident occurs. *Id.*

As a general rule, injuries occurring while an employee travels to and from work do not arise in the course of employment and thus are not compensable. *Bass v. Mecklenburg County*, 258 N.C. 226, 128 S.E. 2d 570 (1962). "[W]hile admittedly the employment is the cause of the workman's journey between his home and the factory, it is generally taken for granted that workmen's compensation was not intended to protect him against all the perils of that journey." 1 A. Larson, *Workmen's Compensation Law* § 15.11 (1978). However, the rule has evolved that an employee injured while going to and from work *on the employer's premises* is generally covered by the Act. *Strickland v. King*, 293 N.C. 731, 239 S.E. 2d 243 (1977); *Maurer v. Salem Co.*, 266 N.C. 381, 146 S.E. 2d 432 (1966); Larson, *supra*. Such a rule is not without its problems. *See* Larson, *supra*, § 15.12. Even so, the "premises rule" supplies a real and tangible connection between the injury and the employment. *Id.* Furthermore, the reason for the rule "is, and always has been, the impracticality of drawing another line at such a point that the administrative and judicial burden of interpreting and applying the rule would not be unmanageable." *Id.* While certain exceptions to the premises rule are recognized. *e.g.*, Larson, *supra*, § 15.13, none of those exceptions is applicable to the facts of this case.

The resolution of this case thus turns on whether the evidence supports a determination that the loading zone was on defendant Food World's premises so that the injury can fairly be said to have arisen in the course of plaintiff's employment. The Commission and the Court of Appeals both determined that this is essentially an on-premises case. We disagree.

Lowell W. Plunkett, Vice-President of defendant Food World, testified in pertinent part and without contradiction as follows:

> Food World does not own or lease the sidewalk in front of the store. The sidewalk is a common area. Food World does not own or lease the pick up and loading lane. The loading lane is a common area. Food World does not own or lease the parking area. The parking lot is a common area. We have a right for our employees to use the parking lot. The loading area extends across the front of King's, Food World and the Country Kitchen.
>
> \* \* \*
>
> Customers at all the stores in the shopping center use the loading area. . . . The pick up and loading lane is for the convenience of all the customers in the shopping center.
>
> \* \* \*
>
> Food World does not have any lease responsibility, ownership or responsibility for the parking lot in King's Shopping Center.

There are numerous cases dealing with parking lot injuries and the vast majority which permit recovery do so on the ground that the employer owned, maintained, provided, controlled, or otherwise exercised dominion over the parking lot, walkway or other area in question. *E.g., De Hoyos v. Industrial Commission*, 26 Ill. 2d 110, 185 N.E. 2d 885 (1962); *Dewar v. General Motors Corp.*, 19 N.J. Misc. 297, 19 A. 2d 194 (1941); *Maurer v. Salem Co., supra; E. I. du Pont de Nemours Co. v. Redding*, 194 Okla. 52, 147 P. 2d 166 (1944). While the evidence here indicates that defendant Food World instructed its employees not to park in the loading zone, and that occasionally it asked customers to move their cars from the zone, we do not think such evidence rises to that level of control which is necessary to support a determination that this loading zone was a part of defendant Food World's premises. To the contrary, the uncontradicted evidence is to the effect that Food World neither owned nor leased the parking lot or the loading zone. It had no responsibility for the upkeep or maintenance of those areas and had no obligation or authority under its lease with the shopping center to instruct drivers not to

park in any particular area. The evidence indicates that the parking lot and loading zone were common areas, and that all of the stores had access to them for the convenience of their customers. We therefore hold that, under the uncontroverted facts of this case, the parking lot and loading zone were not sufficiently under the control of defendant Food World so as to permit the conclusion that those areas constituted a part of the employment premises. *See Donzelot v. Park Drug Co.*, 239 S.W. 2d 526 (Mo. Ct. App. 1951); *Workmen's Compensation Appeal Board v. Hentish*, 20 Pa. Cmwlth. 514, 314 A. 2d 926 (1975); *Tri-City Towel & Linen Service, Inc. v. Cope*, 529 S.W. 2d 51 (Tenn. 1975). Furthermore, plaintiff has failed to demonstrate that she was performing any duties for her employer at the time, or that she was exposed to any danger greater than that of the public generally. *See Donzelot v. Park Drug Co., supra; Gallimore v. Marilyn's Shoes, supra; Tri-City Towel & Linen Service, Inc. v. Cope, supra.* Since the injury sustained by plaintiff did not occur on the employer's premises, and plaintiff has failed to bring her case within any exception to the premises rule, we hold that plaintiff did not suffer an injury arising out of the course of employment and therefore does not qualify for compensation under our Workers' Compensation Act. G.S. 97-2(6).

The decision of the Court of Appeals affirming the award of the Industrial Commission is

Reversed.

Justice BROCK took no part in the consideration or decision of this case.

Justice COPELAND dissenting.

When an employee is injured while going to or from his place of work and is upon premises owned or controlled by his employer, then the injury is generally deemed to have arisen out of and in the course of the employment. *Bass v. Mecklenburg County*, 258 N.C. 226, 128 S.E. 2d 570 (1962). Here, Food World does not own or lease the loading zone in front of its store. The issue is whether it exercises such control over the area as to come within the rule set forth in *Bass* by Justice R. Hunt Parker (later Chief Justice).

---
**Barham v. Food World**
---

Control means:

"Power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee." Black's Law Dictionary, p. 298 (5th ed. 1979).

Control does not necessarily mean *exclusive* control. Two or more persons or businesses may exercise varying degrees of control over the same activities or areas.

The Industrial Commission in its findings of fact, which are supported by the evidence, relied upon the following factors to conclude that this accident arose out of and in the course of plaintiff's employment:

"5. . . . Delivery trucks [park] . . . there when unloading supplies delivered to defendant employer. The bag boys employed by defendant employer placed groceries in customers' cars in the loading zone.

6. Mr. James Hill, manager of the store, notified employees where they should park while at work away from directly in front of the store in order that the customers could use the space directly in front of the store."

Defendant employer obviously does not have exclusive control over the loading zone since the area is also used by the stores on either side of Food World and since it neither leases nor owns the area. However, it is equally obvious that it exercises some control over this area since it is interested primarily in keeping the zone open to get its purchases moved into the store and its sales moved out of the store.

The majority states that,

"[w]hile the evidence here indicates that defendant Food World instructed its employees not to park in the loading zone, and that occasionally it asked customers to move their cars from the zone, we do not think such evidence arises to that level of control which is necessary to support a determination that this loading zone was a part of defendant Food World's premises."

I disagree for two reasons.

---

**Barham v. Food World**

---

First, the test is whether there is evidence to support the Commission's findings and whether the findings support its conclusions. *Byers v. Highway Commission*, 275 N.C. 229, 166 S.E. 2d 649 (1969). We are bound by the Commission's findings when there is competent evidence to support them. *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976).

Since this is the scope of our review, I believe that the Commission, on the evidence regarding control in this case, reached the correct conclusion under the test as set forth in *Bass*. The majority in effect concedes that the defendant does exercise some degree of control over the loading zone. In my view, that degree of control is sufficient in order to apply the decision in *Bass* and say that the accident is deemed to arise out of and in the course of the employment. This is the conclusion in fact reached by the Commission which is supported by the findings which are in turn supported by competent evidence. Therefore, under *Byers* and *Watkins*, this Court should be bound.

Second, as Justice (now Chief Justice) Branch stated in *Stevenson v. City of Durham*, 281 N.C. 300, 303, 188 S.E. 2d 281, 282 (1972):

> "Equally well recognized is the rule that the Workmen's Compensation Act should be liberally construed so that the benefits under the Act will not be denied by narrow, technical or strict interpretation."

This reasoning should apply equally to any construction of the term "control" as used in *Bass*. Therefore, I respectfully dissent.

Justice CARLTON joins in this dissent.