FRANCE v. MURROW'S TRANSFER

[163 N.C. App. 340 (2004)]

———————————

LARRY FRANCE, Employee, Plaintiff v. MURROW'S TRANSFER, Employer, SELF-INSURED (KEY RISK MANAGEMENT, Servicing Agent), and/or THE HARLEYSVILLE INSURANCE COMPANIES, Carrier, Defendants

No. COA03-377

(Filed 16 March 2004)

## 1. Workers' Compensation— disability payments—pre-existing injury

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee was entitled to disability payments for an upper back injury suffered on 9 December 1999 but not for his pre-existing lower back injury, because: (1) although plaintiff continued to receive treatment for his lower back injury along with the new upper back injury, these injuries were distinct and there was no aggravation of the lower back injury; and (2) any treatment received for the lower back was simply a continuation of the prior treatment.

## 2. Workers' Compensation— temporary total disability—credibility

The Industrial Commission did not err in a workers' compensation case by awarding plaintiff truck driver $136.17 per week in temporary total disability for the time period between 14 June 2000 and 28 August 2000, because: (1) the Commission found that plaintiff's explanation for not seeking medical treatment earlier than 14 June 2000 was not credible, and there was no other evidence that plaintiff was unable to work between December 1999 and June 2000; (2) the Commission found that plaintiff's explanation for not taking an offered switch-out position was not credible; (3) N.C.G.S. § 97-29 provides that an employee is entitled to sixty-six and two-thirds percent of his average weekly wages,

FRANCE v. MURROW'S TRANSFER

[163 N.C. App. 340 (2004)]

which was the exact amount that plaintiff was awarded; and (4) contrary to plaintiff's assertion that he was entitled to the same disability compensation rate that he was awarded for his lower back injury, that injury was a separate and unrelated occurrence.

Appeal by plaintiff from an opinion and award entered 18 December 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 January 2004.

*Franklin Smith for plaintiff-appellant.*

*Teague, Rotenstreich & Stanaland, L.L.P., by Elizabeth M. Stanaland and Paul A. Daniels, for defendant-appellees Murrow's Transfer and The Harleysville Insurance Companies.*

*Young Moore and Henderson, P.A., by J. D. Prather and Jennifer Terry Gottsegen, for defendant-appellee Murrow's Transfer in its self-insured capacity.*

HUNTER, Judge.

Larry France ("plaintiff") appeals from an opinion and award of the Full Commission of the North Carolina Industrial Commission ("the Commission") filed 18 December 2002. We conclude that the Commission's findings of fact are supported by competent evidence and in turn those findings support the Commission's conclusions of law. Accordingly, we affirm the opinion and award of the Commission.

The evidence before the Commission tends to show that on 17 May 1994, while working for Murrow's Transfer ("defendant") as a truck driver, plaintiff suffered an admittedly compensable injury to his lower back when he slipped as he was unloading furniture. As a result of this injury, plaintiff received benefits pursuant to a Form 21 settlement approved by the Commission. Plaintiff primarily received treatment for this injury from Dr. O. Dell Curling ("Dr. Curling"). Plaintiff continued receiving treatment for his lower back injury through October 1999 and received benefits for that injury through 15 February 2000. Plaintiff returned to work, performing some of his hauling responsibilities.

On 14 February 2000, plaintiff completed a Form 18 notifying defendant that he had been injured on 9 December 1999. Plaintiff had allegedly been attempting to unload a desk weighing close to 300 pounds with only the aid of an eighty-year old woman. The store to

which plaintiff was delivering the desk had apparently hired someone to assist plaintiff in unloading the desk, but no one was there on the two occasions plaintiff tried to make the delivery. After the two unsuccessful delivery attempts, plaintiff's supervisor told plaintiff not to bring the desk back again. It was this ultimatum which resulted in plaintiff's injury. As plaintiff removed the desk from the truck, the desk began to fall. In an effort to prevent the desk from breaking apart on impact with the ground, plaintiff attempted to hold it up and in the process strained his shoulder, neck, and upper back.

Plaintiff did not receive medical treatment for this new injury until 14 June 2000, but testified he had attempted to contact Dr. Curling approximately fifty times during the intervening six-month period. Although plaintiff had not worked after the 9 December 1999 incident, there was no evidence other than his own testimony that he was unable to work during this time. After continuing to receive treatment for both upper and lower back injuries, plaintiff was allowed to return to work with restrictions in August 2000. Because of the restrictions placed upon him, he was no longer permitted to do truck hauling. Defendant did, however, offer to allow plaintiff to perform "switch-out" work on 28 August 2000. Plaintiff did not accept this position.

In its opinion and award, the Commission found that the 9 December 1999 incident, in which plaintiff strained his upper back and neck was a "new incident and injury, distinct from his prior lower back injury." The Commission also found that plaintiff's reasons for not seeking medical treatment for this new injury were "not credible." Although the Commission awarded temporary total disability payments to plaintiff as a result of the upper back injury suffered on 9 December 1999, it did so only for the period from 14 June 2000 to 28 August 2000. This limitation was based on the lack of evidence that plaintiff was disabled between the 9 December incident and his 14 June 2000 visit to Dr. Curling, and plaintiff's refusal to accept the "switch-out" position offered to him on 28 August 2000. The Commission also declined to award additional disability for plaintiff's lower back injury finding there was no evidence that the 9 December 1999 incident had caused any aggravation to this pre-existing lower back injury from the 1994 incident. Plaintiff was awarded temporary total disability in the amount of $136.17 per week from 14 June 2000 until 28 August 2000.

The issues on appeal are whether (I) plaintiff is entitled to additional disability compensation for his lower back injury as a result of

the 9 December 1999 incident, and (II) plaintiff's award of temporary total disability was properly calculated.

"In reviewing an order and award of the Industrial Commission in a case involving workmen's compensation, [an appellate court] is limited to a determination of (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings." *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E.2d 676, 678 (1980).

I.

[1] Plaintiff first contends the evidence before the Commission shows that the 9 December 1999 incident, despite being a new accident resulting in injury to his upper back, also aggravated his lower back injury, which he had suffered in 1994. Thus, plaintiff further contends that he is entitled to a continuation of disability payments for his lower back injury, which expired on 15 February 1999, the day after he filed the Form 18 for the 9 December 1999 incident. We disagree.

The evidence reveals that although plaintiff continued to receive treatment for his lower back injury along with the new upper back injury, these injuries were distinct and there was no aggravation of the lower back injury and any treatment received for the lower back was simply a continuation of the prior treatment. As such, the Commission's findings are supported by competent evidence and in turn support the conclusions of law that plaintiff was entitled to disability payments for this upper back injury suffered on 9 December 1999, but not for his pre-existing lower back injury.

II.

[2] Plaintiff also contends the Commission erred in awarding him only $136.17 per week in temporary total disability and doing so only for the time period between 14 June 2000 and 28 August 2000. As to the time limitation, the Commission found that plaintiff's explanation for not seeking medical treatment earlier than 14 June 2000 was not credible, and further that there was no other evidence that plaintiff was unable to work between December 1999 and June 2000. Furthermore, the Commission also found plaintiff's explanation for not taking the "switch-out" position not credible. " 'The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.' " *Adams v. AVX Corp.*, 349 N.C.

676, 680, 509 S.E.2d 411, 413 (1998) (citation omitted). As a result, this Court " 'does not have the right to weigh the evidence and decide the issue on the basis of its weight. . . .' " *Id*. at 681, 509 S.E.2d at 414 (citation omitted). Thus, this Court will not review the credibility determinations of the Commission.

As to the amount awarded to plaintiff, under N.C. Gen. Stat. § 97-2(5), average weekly wage is primarily defined as "the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury." N.C. Gen. Stat. § 97-2(5) (2003); *see also McAninch v. Buncombe County Schools*, 347 N.C. 126, 129-30, 489 S.E.2d 375, 377 (1997) (discussing role of the Commission as fact finder and calculation of average weekly wage). We further note that plaintiff does not contend an alternate calculation of his average weekly wage under N.C. Gen. Stat. § 97-2(5) should apply. In this case, there is evidence in the record that in the fifty-two weeks preceding his injury plaintiff's wages were $10,620.75 or an average weekly wage of $204.25. An employee is entitled to sixty-six and two-thirds percent of his average weekly wages, *see* N.C. Gen. Stat. § 97-29 (2003), which results in an award of $136.17, the exact amount plaintiff was awarded.

Plaintiff argues that he is entitled to the same disability compensation rate he was awarded for his lower back injury. As we have already noted, the evidence supported the Commission's conclusion that these were two separate and unrelated occurrences. Thus, the Commission did not err in awarding plaintiff only temporary total disability in the amount of $136.17 from 14 June 2000 to 28 August 2000.

Affirmed.

Judges McGEE and GEER concur.