# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT BANGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N25C-04-136 SPL |
| | ) | |
| WINDSOR-MOUNT JOY | ) | |
| MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 18, 2025
Decided: November 4, 2025

*Upon Defendant's Motion to Dismiss,*
**GRANTED.**

## ORDER

This 4th day of November 2025, upon consideration of Defendant Windsor-Mount Joy Mutual Insurance Company's ("Windsor") Motion to Dismiss and Supplemental Brief,[1] Plaintiff Robert Bangs' ("Bangs") response,[2] Windsor's reply,[3] and the parties' oral arguments,[4] it appears to the Court that:

---

[1] D.I. 9 ("Def. Mot." and "Def. Supp. Brf.").

[2] D.I. 12 ("Pl. Resp.").

[3] D.I. 13 ("Def. Reply").

[4] D.I. 14.

1.     This is a declaratory judgment action in which Bangs asks this Court to declare rights of non-party Scott Williams-Watkins ("Williams-Watkins") under a homeowner's insurance policy.[5] Bangs seeks to force Windsor to defend Williams-Watkins and cover Williams-Watkins financial exposure in Bang's related lawsuit against Williams-Watkins.[6]

2.     Bangs assisted Williams-Watkins in performing maintenance work on Williams-Watkins' truck.[7] Bangs alleges that Williams-Watkins "negligently removed the fuel injectors from the vehicle and turned the key in the ignition without replacing [the injectors], resulting in diesel fuel being ejected into Mr. Bangs' eyes at a high rate of speed causing catastrophic and severe injury."[8] These events are the subject of Bangs ongoing lawsuit against Williams-Watkins.[9]

3.     Bang suffered his alleged injuries on a property located at 32648 Bi State Boulevard, Laurel, Delaware 19956.[10] Windsor insured Williams-Watkins under a homeowner's policy (the "Policy") pertaining to a property located at 6195

---

[5] D.I. 1 ("Compl.").

[6] *Id.*

[7] Compl. ¶ 4. *See also,* Compl. Ex. B (Bangs includes his personal injury complaint against Williams-Watkins in *Bangs v. Williams-Watkins,* 24C-01-058 SPL as Exhibit B to his complaint in this declaratory judgment action).

[8] *Id*.

[9] *See generally, Bangs v. Williams-Watkins*, 24C-01-058 SPL.

[10] Compl. Ex. B at ¶¶ 3-4.

Watson Road, Laurel, Delaware 19956.[11] The Policy covered "a person away from the 'insured premises' if the 'bodily injury' . . . is caused by an activity of an 'insured,'"[12] and "bodily injury that occurs on the 'insured premises' and is a result of the ownership, maintenance, use, loading, or unloading of: 1) a 'motorized vehicle' if it is not subject to 'motor vehicle' registration because of its type or use; 2) a 'recreational motor vehicle.'"[13]

4.      Windsor denied coverage to Williams-Watkins, reasoning that the Policy "does not provide coverage . . . if not on the insured premises."[14] In his declaratory judgment action, Bangs asserts that Windsor's denial of coverage was "erroneously based" because the "Motorized Vehicles" section of the Policy applies only to vehicles "not subject to motor vehicle registration."[15] In Bangs' view, the truck "was subject to motor vehicle registration," and so the "Motorized Vehicles" section of the Policy is inapplicable.[16]

---

[11] Compl. ¶ 3.

[12] Compl. ¶ 5.

[13] Compl. Ex. C.

[14] *Id*.

[15] Compl. ¶ 7.

[16] *Id*.

5.      Windsor has moved to dismiss the complaint, asserting that Bangs, as an injured third-party, has no standing to seek declaratory judgment.[17]  Windsor contends that under Delaware law, "an injured third-party may not bring a direct cause of action against a tortfeasor's insurer."[18]  And, while recognizing that there are three exceptions to the general rule, Windsor asserts none apply here.[19]

6.      Bangs responds that he has standing and his third-party action for declaratory judgment may be maintained under Delaware law.[20]  He contends that "the uncertainty surrounding the presence or absence of [Williams-Watkins'] coverage [under the Policy] is the injury."[21]  And, in Bangs' view, his injury is "the exact injury contemplated by the Delaware Declaratory Judgment Act."[22]

7.      Where, as here, "the issue of standing is so closely related to the merits, a motion to dismiss based on lack of standing is properly considered under Rule 12(b)(6) rather than Rule 12(b)(1)."[23]  When assessing a motion to dismiss under Rule 12(b)(6), this Court must:

---

[17] Def. Mot. ¶ 5.

[18] Def. Mot. ¶ 8.

[19] Def. Mot. ¶ 9.

[20] Pl. Resp. 1.

[21] Pl. Resp. 4.

[22] Pl. Resp. 4.

[23] *Appriva v. Shareholder Litig. Co., LLC v. EV3, Inc.,* 937 A.2d 1275, 1286 (Del. 2007).

4

(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) do not affirm a dismissal unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[24]

8.      Delaware's pleading standards at the motion to dismiss stage are "minimal."[25]  A complaint is sufficient to survive a motion to dismiss under Rule 12(b)(6) "[if] a plaintiff may recover under any reasonably conceivable set of circumstances susceptible to proof under the complaint."[26]  If, based on the circumstances presented, the plaintiff may recover, then the Court must deny the Motion to Dismiss.[27]  Conversely, the Court will grant a Motion to Dismiss if "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[28]  The Court need not "accept conclusory allegations unsupported by specific facts, nor . . . draw unreasonable inferences in plaintiff's favor."[29]

---

[24] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

[25] *Cent. Mortg. Co.*, 27 A.3d at 536.

[26] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[27] *Spence*, 396 A.2d at 968.

[28] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. Ct. 2021).

[29] *Clinton v. Enterprise Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).

9.      This Court possesses discretion to issue a declaratory judgment so long as the action presents an "actual controversy."[30]  For an "actual controversy" to exist, four elements must be satisfied:

> (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; and (4) the issue involved in the controversy must be ripe for judicial determination.[31]

Windsor contends Bangs cannot meet the first requirement because the rights he seeks to establish "are the rights of [Williams-]Watkins, not his own."[32]  Windsor asserts that Bangs lacks standing and is unable to present a controversy to the Court.

10.      "Standing refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or to redress a grievance."[33]  Standing is a question of law required to be answered by the Court.[34]  To establish standing,

> (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained

---

[30] *XL Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1216 (Del. 2014).

[31] *In re COVID-Related Restrictions on Religious Services*, 326 A.3d 626, 642-43 (Del. 2024) (quoting *Rollins Int'l v. Int'l Hydronics Corp.*, 303 A.2d 660, 662-63 (Del. 1973)).

[32] Def. Reply 4.

[33] *Dover Hist. Soc. v. City of Dover Planning Com'n*, 838 A.2d 1103, 1110 (Del. 2003).

[34] *Id*.

of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[35]

11. Under Delaware law, "as a general rule, an injured third-party may not bring a direct cause of action against a tortfeasor's insurer."[36] "The rationale behind this rule appears to be simply that the courts feel that it would not be sound public policy to permit an insurer to be joined as a defendant in an action grounded upon the acts of the insured."[37] As the Delaware Supreme Court explained in *Kaufmann v. McKeown*, "[the] insurer may well be the real party in interest, but this is not a State where a direct action is permitted against it. Plaintiff is obliged to bring his suit against the tortfeasor."[38] Bangs, of course, has brought a different suit against Williams-Watkins as an alleged tortfeasor.

12. Delaware courts have recognized three exceptions to the general rule prohibiting an injured third-party from bringing a claim for coverage directly against the tortfeasor's insurer: "(1) where the third-party has received a valid assignment

---

[35] *Id*. (citations omitted).

[36] *Rodriguez v. Great Am. Ins. Co.*, 2022 WL 591762, at *5 (Del. Super. Ct. Feb. 23, 2022) (internal citations omitted).

[37] *Id.* (quoting *Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 534 (Del. Super. Ct. 1990)).

[38] *Kaufmann v. McKeown*, 193 A.2d 81, 83 (Del. 1963).

of the claim for coverage from the insured, (2) where the third-party is an intended third-party beneficiary of the insurance contract, or (3) through subrogation."[39] None of these exceptions apply here.

13.    Bangs contends that his right to recover under the Policy "should he prevail . . . against Mr. Watkins . . . is uncertain," thus establishing a cognizable injury.[40]  He asserts that the Court's issuance or denial of a declaratory judgment would either encourage or dissuade him from "pursuing redress against Mr. Watkins."[41]  Bangs contention is unsupported by extant Delaware law.

14.    In *Broadway v. Allstate Property and Casualty Insurance Company,* this Court addressed similar efforts to compel an insurer to provide coverage for an insured.[42]  There, as here, a third party sought to interject "itself into the contractual relationship between the tortfeasor and his or her liability carrier."[43]  And, as here, there had yet to be "an adjudication of liability or judgment against the tortfeasor."[44]

---

[39] *Rodriguez*, 2022 WL 591762, at *6 (citing *Lewis v. Home Ins. Co.*, 314 A.2d 924, 925 (Del. Super. Ct. 1973)).

[40] Pl. Resp. 3.

[41] *Id.*

[42] 2015 WL 4749176, at *4-5 (Del. Super. Ct. Aug. 11, 2015).

[43] *Id.* at *5.

[44] *Id.*

8

The Court found that the third party had no standing to maintain an action against the alleged tortfeasors.[45]  So, too, here.

## CONCLUSION

Because Bangs does not have standing to proceed against Windsor, Williams-Watkins' insurer, his declaratory judgment action cannot proceed.  Windsor's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge

---

[45] *Id.*