KAY E. GLASSCO, Employee v. BELK-TYLER COMPANY OF GOLDSBORO, NORTH CAROLINA, INC., Employer, and HOME INSURANCE COMPANY, Carrier

No. 8310IC1038

(Filed 19 June 1984)

Master and Servant § 62.1— workers' compensation—department store employee —fall in mall parking lot while going from car to work site—injury arising from risk common to neighborhood

>    Pursuant to *Barham v. Food World*, 300 N.C. 329 (1980) and G.S. 97-2(6), the Industrial Commission correctly concluded that plaintiff's injury did not arise out of and in the course of her employment in that her injury arose from a risk common to the neighborhood at a time when she was performing no duties for her employer on premises which were neither owned nor maintained or controlled by her employer and where plaintiff's accident occurred when she tripped over a median while walking toward defendant's store. Although plaintiff parked in a parking spot designated for employees of defendant store, defendant had nothing to do with the development of the parking plan, which was done solely by the mall owner, and defendant had no responsibility for the maintenance or upkeep of the designated parking area.

APPEAL by plaintiff from the Opinion and Award of the North Carolina Industrial Commission filed 17 August 1983. Heard in the Court of Appeals 8 June 1984.

*George R. Kornegay, Jr., P.A., by George R. Kornegay, Jr. and Janice S. Head, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner, Feerick & Kincheloe, by Scott M. Stevenson, for defendant-appellees.*

HILL, Judge.

The question presented by this appeal is whether plaintiff's injury by accident arose out of and in the course of her employment, thereby enabling her to recover compensation under the Workers' Compensation Act. The Commission ruled that the injury by accident did not so arise. We affirm for the reasons that follow.

Plaintiff, a salesperson for defendant at its Berkeley Mall Shopping Center store in Goldsboro, North Carolina, arrived in the mall parking lot at approximately 12:20 p.m. to begin work at 1:00 p.m. She parked her automobile in an area in the mall park-

ing lot designated for Belk store employees by the mall owners. As she walked toward defendant's store, she tripped over a median, injuring herself.

Before arriving at the mall parking lot, plaintiff had purchased a sandwich at a fast-food restaurant outside the Berkeley Mall Shopping Center. She had planned to eat the sandwich in the store kitchen before clocking in for work at approximately 12:55 p.m.

Defendant leased space for its store in the mall from Capitol Funds, Inc., the mall owner. According to the terms of the lease, store employees were entitled to use the common areas, including the parking areas. The landlord retained control over the common areas, including the right to adopt rules and regulations regarding the use of the parking areas by customers and employees. Pursuant to this power, the landlord formulated and furnished a master parking plan designating certain areas for the employees of mall tenants to park.

Plaintiff had been personally advised by her employer what area was designated as parking for Belk employees. In addition, a map indicating the areas where Belk employees were to park was posted over the time clock. She testified she had been admonished for parking in the wrong area previously.

These parking areas, however, were not marked, nor contained any signs to indicate to the general public that the area was designated for parking for store employees. Defendant's store manager testified that any customer could park in the area designated for Belk store employees. Belk employees could likewise park in areas of the mall parking lot designated for employees of other stores. Defendant had nothing to do with the development of the master plan for parking, which was done solely by the mall owner. Belk had no responsibility for the maintenance or upkeep of the designated parking area. That responsibility belonged to the mall owners.

In denying compensation, the Commission, adopting the Opinion and Award of the deputy commissioner, found and concluded that the plaintiff's injury did not arise out of and in the course of her employment in that her injury arose from a risk common to the neighborhood at a time when she was performing no duties

for her employer on premises which were neither owned nor maintained or controlled by her employer. The Commission stated it could not distinguish *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676, *reh'g denied*, 300 N.C. 562, 270 S.E. 2d 105 (1980), which was controlling.

*Barham* is remarkably similar to the present case. There the plaintiff, an employee of a store leasing space in a shopping center, slipped and fell on ice in the loading zone located in front of her employer's store as she was walking to her work site. Under the lease the defendant-employer was given access to all spaces at the shopping center for its employees' and customers' use. The plaintiff and fellow employees had been notified to park away from the store. In reversing an award of compensation, our Supreme Court emphasized the fact that the defendant-employer neither owned nor leased the parking lot or the loading zone and had no responsibility for the maintenance or upkeep of those areas. It had no authority under the lease to instruct drivers not to park in any particular area. The parking lots and loading zone were common areas to which all stores had access for the convenience of their customers. The Court thus held that the parking lot and loading zone were not sufficiently under the control of the defendant-employer so as to be part of the employment premises. In addition, the plaintiff failed to show that she was performing any duties for her employer at that time or that she was exposed to a greater risk than that of the public generally. Accordingly, the Court held that plaintiff's injury did not arise out of or in the course of plaintiff's employment and thus did not qualify for workers' compensation under G.S. 97-2(6).

We also cannot distinguish *Barham* from the present case. Nothing in the present case indicates defendant owned or leased the parking area. In fact, the lease expressly provides:

11. Tenant hereby dedicates and grants to Tenant, its employees, suppliers, customers and invitees, a non-exclusive right at all times *to use free of charge* during the term of this lease or any extensions thereof, all the common areas, which areas are acknowledged to be for the use of such persons . . . for parking and for ingress and egress . . . . (Emphasis added.)

---

The uncontradicted evidence showed the defendant had no responsibility for maintenance or upkeep of the parking area. That responsibility belonged to the landlord. Mall customers and employees of other stores could park in the designated area, and defendant's employees could park in other designated areas. Plaintiff was performing no duties for her employer at the time of the accident and she was not exposed to a greater risk than that of the public generally.

Since plaintiff has not shown she sustained her injury by accident on her employer's premises, or that she is entitled to compensation under an exception to the premises rule, we hold the Commission properly found and concluded that the plaintiff did not sustain an injury by accident arising out of and in the course of employment, and therefore did not qualify for compensation under the Workers' Compensation Act. *Barham, supra*; G.S. 97-2(6). The Opinion and Award of the Industrial Commission is

Affirmed.

Judges BECTON and BRASWELL concur.