ROYSTER v. CULP, INC.

[119 N.C. App. 598 (1995)]

───────────

STERLING JULIUS ROYSTER, Plaintiff-Appellant v. CULP, INC., Defendant-Appellee

No. COA94-1073

(Filed 18 July 1995)

**Workers' Compensation § 154 (NCI4th)— employee injured on public highway—highway between parking lot and place of employment—compensable injury**

The Industrial Commission erred by holding that plaintiff did not sustain an injury by accident arising out of and in the course of his employment where plaintiff was injured by a passing car when he attempted to walk across a public highway that separated his place of employment from a parking lot which was owned and operated by defendant employer.

**Am Jur 2d, Workers' Compensation § 310.**

**Workers' compensation: coverage of injury occurring between workplace and parking lot provided by employer, while employee is going to or coming from work. 4 ALR5th 585.**

Appeal by plaintiff from an award of the Industrial Commission entered 10 May 1994. Heard in the Court of Appeals 25 May 1995.

ROYSTER v. CULP, INC.

[119 N.C. App. 598 (1995)]

*J. Rufus Farrior, P.A., by J. Rufus Farrior for plaintiff-appellant.*

*Smith, Helms, Mulliss & Moore, L.L.P., by Caroline H. Lock, for defendant-appellee.*

WYNN, Judge.

On 23 October 1991, plaintiff-employee, Sterling Julius Royster, was injured by a passing car when he attempted to walk across a public highway that separated his place of employment from a parking lot which was owned and operated by defendant-employer, Culp, Inc.

Deputy Commissioner Jan N. Pittman issued an Opinion and Award concluding that plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant. The Full Commission affirmed the Deputy Commissioner's Opinion and Award on 10 May 1994. From this Order, plaintiff appeals.

---

Plaintiff contends that the Full Commission erred by holding that he did not sustain an injury by accident arising out of and in the course of his employment. We agree.

In order to be compensable under the Workers' Compensation Act, an injury must arise out of and in the course of employment. N.C. Gen. Stat. § 97-2(6) (1991). The determination of whether an accident arises out of and in the course of employment is a mixed question of law and fact, and the finding of the Commission is conclusive if supported by competent evidence. *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E.2d 529 (1977).

In *Hunt v. State*, 201 N.C. 707, 161 S.E. 203 (1931), our Supreme Court held that injuries sustained while an employee is traveling to his place of employment on the employer's premises are covered by the Workers' Compensation Act. "[T]he moment when [the employee] begins his work is not necessarily the moment he gets into the employment, because a reasonable margin must be allowed him to get to the place of work if he is on the premises of the employer or on some access to the premises which the employer has provided." *Id.* at 710-11, 161 S.E. at 205. Parking lots which are owned and maintained by the employer, as was the parking lot in the subject case, are considered to be on the employer's premises for purposes of workers' compensation. *Mauer v. Salem Co.*, 266 N.C. 381, 146 S.E.2d 432 (1966).

ROYSTER v. CULP, INC.

[119 N.C. App. 598 (1995)]

In *Hardy v. Small*, 246 N.C. 581, 99 S.E.2d 862 (1957), our Supreme Court extended the holding of *Hunt* to apply to non-employer owned property that an employee has to cross in order to get to the place of employment. In *Hardy*, our Supreme Court held that a farm employee's death arose out of and in the course of his employment even though the accident occurred while crossing a public highway. The Court stated that:

> It is noteworthy that the public highway was neither necessary nor used as a means of access to the barn, i.e., in the sense of travel *along* the highway. The fact that he has to *cross* the highway on his way to and from the barn constituted an additional hazard of his employment; for if the house and barn had not been separated by the public highway, means of access between the area of the house and the barn would have been equally available and safer.

*Id.* at 586, 99 S.E.2d at 867. Furthermore, "[m]ost courts . . . hold that an injury in a public street or other off-premises place between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises." 1 Larson, Workmen's Compensation § 15.14(b).

Two previous cases cited by the appellee are distinguishable from the facts at hand. In *Glassco v. Belk-Tyler Co.*, 69 N.C. App. 237, 316 S.E.2d 334 (1984), our Court found that an employee's injury did not arise out of and in the course of employment because the accident occurred in a public parking lot rather than in an employer-owned lot. There, we stated: "Nothing in the present case indicates defendant owned or leased the parking area." *Id.* at 239, 316 S.E.2d at 335-36. The lot in the subject case *is* owned and controlled by the employer. In *Horn v. Sandhill Furniture Co.*, 245 N.C. 173, 95 S.E.2d 521 (1956), a case decided before the *Hardy* case, the Supreme Court found that an employee's injury did not arise out of and in the course of his employment where the accident occurred while the employee crossed a public highway on the way to a place of his own choice for lunch. The Supreme Court stated: "At the exact time of his injury he was on a personal errand . . . ." *Id.* at 179, 95 S.E.2d at 525. In both *Horn* and *Glassco*, the Courts found that the employees were not exposed to a greater risk than the general public.

In the subject case, in order to reach defendant's plant and begin his work day, plaintiff was required to cross the highway after parking in a lot owned and maintained by defendant. In fact, this was the

only route from the parking lot to the plant. As in *Hardy*, the fact that plaintiff had to cross the public highway on his way to the plant from a parking lot owned and maintained by his employer constituted an additional hazard of his employment. We, therefore, find that the injury he suffered from the accident on the public highway was compensable under the Workers' Compensation Act.

Reversed.

Judges EAGLES and MARTIN, Mark D. concur.