OLIVER J. JENNINGS, Employee/Plaintiff v. BACKYARD BURGERS OF ASHEVILLE, Employer; U.S. FIDELITY & GUARANTY COMPANY, Carrier/Defendants

No. COA95-849

(Filed 2 July 1996)

**Workers' Compensation § 144 (NCI4th)— hazardous route for ingress and egress—route over property not owned by employer—injury not compensable**

Plaintiff's injury by accident, which resulted from a hazardous condition on property adjacent to his employer's premises, did not arise out of and in the course of employment, though defendant employer instructed him to use that route for ingress and egress.

**Am Jur 2d, Workers' Compensation §§ 296, 305, 309, 310.**

Appeal by defendants from Opinion and Award entered 2 May 1995 by the Full Industrial Commission. Heard in the Court of Appeals 27 March 1996.

In May of 1993 plaintiff was working as a cook at defendant Backyard Burgers. When he was hired approximately two years earlier, defendant employer instructed him to use the parking lot behind the building next door when going to and from work. The lot was accessible only by using a steep stairway on a hillside behind Backyard Burgers.

On 28 May 1993 plaintiff left work and walked to his car, which was parked in the lot where employees were instructed to park. As he walked down the steps leading to the designated parking lot, he slipped and fell down several stairs, injuring his back. There was no handrail on the stairway, and the individual steps were short, so that only half of plaintiff's foot would fit on a step.

Backyard Burgers was located on property owned by Herbert and June Coe of Tampa, Florida. Walden Partners, a development real estate business, was a ground lease tenant of the larger Coe property and sublet a small portion of it to Backyard Burgers. Neither the designated parking lot nor the stairway was owned, controlled, or maintained by defendant Backyard Burgers, but Walden gave Backyard Burgers permission to use the stairway and parking lot for employee parking.

As a result of his fall on the stairway, plaintiff sustained a lumbar strain that required chiropractic treatment. He was unable to work from 2 June through 13 June 1992, and reached maximum medical improvement as of 27 April 1994, when his chiropractor gave him a five percent permanent partial disability rating.

After an initial hearing, Deputy Commissioner Morgan S. Chapman denied plaintiff coverage under the Workers' Compensation Act, finding that defendant Backyard Burgers did not own, lease, maintain, or control the hillside on which the stairs were located.

On appeal, the Full Commission reversed the deputy commissioner's decision, finding that because Backyard Burgers instructed plaintiff to use the parking area that was accessible only by using the stairway in question, "defendant-employer knew or should have

known that plaintiff could reasonably assume adequate arrangements had been made by his employer which would create a legitimate right to use this parking lot and the stairway." Defendants appeal the Opinion and Award of the Full Commission.

*Elizabeth G. McCrodden for plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Allan R. Tarleton, for defendant appellants.*

ARNOLD, Chief Judge.

The sole issue on appeal is whether plaintiff's injury by accident, which resulted from a hazardous condition on property adjacent to his employer's premises, arose out of and in the course of employment when defendant employer instructed him to use that route for ingress and egress. Defendants contend that the "premises" rule limits the compensability of an employee's injuries while going to and from work to those occurring on property the employer owns, controls, or maintains. In light of a recent Supreme Court decision on this issue, we must agree.

To be compensable under the Workers' Compensation Act, an injury must arise out of and in the course of employment. N.C. Gen. Stat. § 97-2(6) (1995). This state's "coming and going" rule provides that an injury occurring while an employee travels to and from work does not arise in the course of employment and therefore is not compensable. *Barham v. Food World*, 300 N.C. 329, 332, 266 S.E.2d 676, 678, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980). However, the "premises" exception to the "coming and going" rule applies when an employee is injured while going to and coming from work on the employer's premises. *Id.*, 266 S.E.2d at 679.

While we may not agree with our Supreme Court's recent decision in *Royster v. Culp, Inc.*, 343 N.C. 279, 470 S.E.2d 30 (1996), we are nevertheless bound by it. The *Royster* Court found noncompensable an employee's injury that occurred when he was struck by a car while crossing a public highway between his place of employment and a parking lot owned and operated by the defendant employer. *Id.* at 282-83, 470 S.E.2d at 31-32.

In reversing this Court's decision in *Royster,* the Supreme Court rejected the view adopted by many other jurisdictions that the "premises" exception extends to an injury occurring on an off-premises place that is on a necessary route between the place of

employment and the employer's parking lot. *See, e.g.,* 1 Larson, Workmen's Compensation Law, § 15.14(b) (1995); *Hughes v. Decatur Gen. Hosp.,* 514 So. 2d 935 (Ala. 1987); *Knoop v. Industrial Comm'n,* 589 P.2d 1325 (Ariz. App. 1978); *Wentworth v. Spark's Regional Medical Ctr.,* 894 S.W.2d 956 (Ark. App. 1995); *Lewis v. WCAB,* 542 P.2d 225 (Cal. 1975); *State Compensation Ins. Fund v. Walter,* 354 P.2d 591 (Col. 1960); *West Point Pepperell, Inc. v. McEntire,* 258 S.E.2d 530 (Ga. App. 1979); *Gray Hill, Inc. v. Industrial Comm'n,* 495 N.E.2d 1030 (Ill. App. 1986), *cert. denied,* 479 U.S. 1089, 94 L. Ed. 2d 154 (1987); *Harlan Appalachian Regional Hosp. v. Taylor,* 424 S.W.2d 580 (Ky. Ct. App. 1968); *Thomasee v. Liberty Mut. Ins. Co.,* 385 So. 2d 1219 (La. App. 1980), *cert. denied,* 392 So. 2d 675 (La. 1980); *Wiley Mfg. Co. v. Wilson,* 373 A.2d 613 (Md. 1977); *Smith v. Greenville Prods. Co.,* 462 N.W.2d 789 (Mich. App. 1990); *Lewis v. Walter Scott & Co.,* 141 A.2d 807 (N.J. Super. 1958); *Gaik v. National Aniline Div., Allied Chem. & Dye Corp.,* 5 A.D.2d 1039 (N.Y. 1958); *Blair v. Daugherty,* 396 N.E.2d 238 (Ohio App. 1979); *Swanson v. General Paint Co.,* 361 P.2d 842 (Okla. 1961); *Willis v. State Acc. Ins. Fund,* 475 P.2d 986 (Or. App. 1970); *Epler v. North Am. Rockwell Corp.,* 393 A.2d 1163 (Pa. 1978); *Branco v. Leviton Mfg. Co., Inc.,* 518 A.2d 621 (R.I. 1986); *Lollar v. Wal-Mart Stores, Inc.,* 767 S.W.2d 143 (Tenn. 1989).

The *Royster* Court instead relied on *Barham,* in which an employee of a store in a shopping center was injured while walking to her workplace after parking her car in the shopping center parking lot, which was used by both employees and customers. The *Barham* Court denied compensation because the employer did not own, maintain, or control the parking lot, and the employee was not performing any duties of her employment at the time of the injury and was not exposed to any danger greater than that of the general public. *Barham,* 300 N.C. at 333-34, 266 S.E.2d at 679-80. Finding *Barham* analogous, the *Royster* Court denied compensation "because defendant did not own or control the public street on which plaintiff was injured . . . [and] plaintiff was not performing any duties for defendant at the time of the injury and was not exposed to any greater danger than that of the public generally." *Royster,* 343 N.C. at 282, 470 S.E.2d at 31.

Under the narrow "premises" rule articulated by the *Royster* Court, we are compelled to deny compensation in the case at hand. Although defendant Backyard Burgers instructed plaintiff to use the adjacent parking lot for ingress and egress to the workplace, and the

IN RE FORECLOSURE OF AAL-ANUBIAIMHOTEPOKOROHAMZ

[123 N.C. App. 133 (1996)]

lot was accessible only by using the hazardous stairway, defendant did not own, maintain, or control the stairway or parking lot, and at the time of his injury plaintiff was not performing any duties for defendant. Thus, under *Royster*, plaintiff's injury does not fall within the "premises" exception to the "coming and going" rule and is not compensable.

In light of *Royster*, we must reverse the Opinion and Award of the Full Commission.

Reversed.

Judges MARTIN, John C., and SMITH concur.