The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Tamara R. Nance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. St. Paul Fire and Marine Insurance Company was the compensation carrier on the risk.
4. The date of the alleged injury was July 31, 1992.
The parties requested an initial ruling on the issue of whether plaintiff's injury arose out of and in the course of her employment with defendant-employer.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In March 1990 plaintiff was employed by defendant-employer at the South Square Mall Montaldo's store as a department manager.
2. The Moltaldo's store had three entrances — one off the mall, one off the parking lot, and a shipping and receiving door from the parking lot also. Montaldo's leased from the mall only the area inside the building, from door to door. It was the mall's responsibility to maintain the common areas outside the store, such as the parking lot, parking deck, sidewalks, and gangways. Montaldo's neither owned, maintained, provided, controlled, or otherwise exercised dominion over the gangway that leads from the parking deck to the outside entrance.
3. Plaintiff did not have any set lunch hour and was free to leave Montaldo's at her discretion for lunch. Montaldo's also had a break room where the employees could eat their lunch if they chose not to eat out.
4. On July 31, 1992 plaintiff left Montaldo's and went out to lunch around 12:30 p.m. When she was returning to Montaldo's after lunch she tripped over a metal strip in the cement 25 feet outside the store entrance where the parking lot adjoins the gangway to the outside Montaldo's entrance. She fell to the ground, sustaining an injury to her left thumb.
5. Plaintiff was not on premises owned or controlled by defendant-employer when she fell, and she was not performing duties for her employer at that time.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff's July 31, 1992 injury did not arise out of and in the course of her employment with defendant-employer, and therefore she is not entitled to any compensation under the Workers' Compensation Act. Barham v. Food World, 300 N.C. 329
(1980), and Glassco v. Belk-Tyler, 69 N.C. App. 237
(1984).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
FOR THE FULL COMMISSION
 S/ _________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 9/3/96