***********
In accordance with the directives of the North Carolina Court of Appeals, the Commission finds as follows, based upon the stipulated evidence and exhibits agreed upon by the parties in lieu of testimony at a hearing:
 FINDINGS OF FACT
1. On 1 September 1999, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. Defendant-employer had three or more employees at all times relevant to this claim.
2. On 1 September 1999, Pharmacists Mutual Insurance Company was the workers' compensation carrier on the risk for defendant-employer.
3. On 1 September 1999, plaintiff was employed by defendant-employer as a certified nursing aide (CNA) and her average weekly wage was $261.37. This yields a compensation rate of $174.26.
4. Defendant-employer employs CNAs to provide care for patients in the patients' homes. Typically, the CNAs do not travel to defendant-employer's office as part of their daily routines but instead travel directly from their own homes to the homes of the patients for whom care is being provided. This was the standard practice of plaintiff for the period of time up to and including 1 September 1999.
5. Beginning in March 1997 plaintiff's assigned patient was Ms. Locklear. Plaintiff's regular hours were weekdays 7:30 a.m. through 3:30 p.m., and Saturdays 1:00 p.m. to 8:00 p.m. On these days, plaintiff reported to Ms. Locklear's house to perform her job duties.
6. On 1 September 1999, plaintiff sustained an injury by accident within the meaning of the North Carolina Workers' Compensation Act when the vehicle she was operating was involved in a collision with another vehicle. At the time of that accident, plaintiff was driving her personal vehicle and was in route to her own personal residence from the residence of Ms. Locklear. The accident occurred approximately three miles from Ms. Locklear's home. Plaintiff's injury by accident did not occur on the premises of either Ms. Locklear or at the business offices of defendant-employer.
7. Defendant-employer was not contractually obligated to provide transportation to plaintiff or any of its other employees. Plaintiff and other CNAs employed by defendant-employer drove their personal vehicles from their home to the patients' homes. On 1 September 1999, defendant-employer had in place a policy under which CNAs were reimbursed for certain mileage expenses. Under this policy, if a CNA drove more than 30 miles on a weekday to travel to and from their patients' residences and/or to run any errands for the patients including transporting the patients to doctor's appointments, the CNA was entitled to reimbursement for mileage at the rate of $0.27 per mile to the extent that the CNA's travel exceeded 30 miles. However, on holidays and weekends, CNAs were reimbursed for all mileage. Mileage was computed beginning and ending at the CNA's personal residence.
8. Ms. Locklear was the only patient for whom plaintiff was providing services on 1 September 1999. Ms. Locklear lived approximately 13 miles from plaintiff's residence.
9. Plaintiff's job duties included caring for the patient in the patient's home and running any errands for the patient. All of these duties required the use of plaintiff's car in order to transport plaintiff to the patient's home and also to run any necessary errands.
10. Although plaintiff periodically received reimbursement for mileage pursuant to defendant-employer's mileage reimbursement policy, such reimbursements were for mileage (1) traveled on weekends or holidays and (2) days where plaintiff was required to run errands for Ms. Locklear which resulted in total travel exceeding 30 miles for that particular day. Because 1 September 1999 fell on a Wednesday and plaintiff did not run any errands for Ms. Locklear on that day, plaintiff neither submitted a claim for reimbursement for mileage for that date, nor was she reimbursed for any mileage traveled on that date.
11. When plaintiff left Ms. Locklear's house on 1 September 1999 she was not acting under any direction from defendant-employer but instead merely was traveling to her own home after her day's work.
12. Plaintiff's job as a home health care nurse required her to travel to the patient's home to perform her job duties. However, plaintiff only had one patient for a year and a half, and she neither had to travel to other patients' homes nor to the offices of defendant-employer. Under the circumstances of this case, travel to and from Ms. Locklear's house each day was no different from any other employee traveling to and from his or her place of employment on a daily basis.
13. Plaintiff's travel to and from Ms. Locklear's house did not expose her to dangers greater than that of the general public.
14. As a result of the injury by accident on 1 September 1999, plaintiff was out of work from 2 September 1999 through 28 February 2000. On 29 February 2000 plaintiff returned to work for defendant-employer on a part-time basis. During her first five weeks back at work, plaintiff's weekly earnings were as follows: $219.20, $260.30, $266.03, $287.60, and $309.18.
15. On 4 April 2000, plaintiff returned to work in her regular capacity for defendant-employer and has had no further loss of wages.
16. As a result of the 1 September 1999 injury by accident, plaintiff retained a ten percent permanent partial impairment of her left leg.
17. The parties stipulated into evidence in this matter the following exhibits: (A) two pages documenting defendant-employer's mileage reimbursement policy; (B) plaintiff's recorded statement; and (C) plaintiff's medical records.
 ***********
In accordance with the directives of the North Carolina Court of Appeals and based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. To be compensable under the Workers' Compensation Act, an injury must arise out of and in the course of employment. N.C. Gen. Stat. §97-2(6). Ordinarily, an injury occurring while an employee travels to or from work does not arise in the course of employment and is not compensable. Jennings v. Backyard Burgers of Asheville, 123 N.C. App. 129,472 S.E.2d 205 (1996).
2. Plaintiff's 1 September 1999 injury by accident did not arise out of and in the course of her employment with defendant-employer under the "coming and going" rule. N.C. Gen. Stat. § 97-2(6); Royster v. Culp,Inc. 343 N.C. 279, 470 S.E.2d 30 (1996).
3. None of the exceptions to the coming and going rule applies to the facts of this case, as plaintiff worked with only one patient and had a fixed job location; was not on a special errand assigned by either her employer or her patient; she was not on the premises of either defendant-employer or her patient; and defendant-employer, although paying mileage under certain specific conditions, was not contractually obligated to provide transportation to plaintiff. Furthermore, under the circumstances of this case, plaintiff's travel was no more an integral part of her job than any other employee traveling to and from his residence to his places of business. In addition, plaintiff's travel to and from Ms. Locklear's house did not expose her to dangers greater than that of the general public.
4. Because plaintiff did not meet her burden of proving that her injury by accident arose out of and in the course of her employment, she is entitled to no benefits under the Workers' Compensation Law.
 ***********
Therefore, in accordance with the directives of the North Carolina Court of Appeals and based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This the ___ day of August 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER