***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 *********** *Page 2 
The Full Commission finds as facts and concludes as a matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, which has jurisdiction over the parties and subject matter of this claim.
2. On all relevant dates, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. Plaintiff was struck by a car on December 21, 2006.
5. On all relevant dates, an employment relationship existed between plaintiff-employee and defendant-employer.
6. The stipulated medical records represent treatment that was reasonably necessary to effect a cure, give relief and lessen plaintiff's period of disability, except that defendants do not stipulate that treatment for TMJ and/or migraine headaches and/or syncopal episodes were reasonably necessary to effect a cure, give relief, or lessen plaintiff's period of disability.
7. At the hearing before the Deputy Commissioner, the parties submitted a packet of stipulated documents, which was admitted into the record and marked as Stipulated Exhibit (1) and which contained the following:
 a. Medical records;
 b. Discovery responses;
 c. Industrial Commission forms and filings;
 d. A North Carolina Department of Motor Vehicle Accident Report; and *Page 3 
 e. A transcription of plaintiff's recorded statement.
8. The issue before the Commission is whether plaintiff sustained a compensable
injury by accident arising out of and in the course of her employment with defendant-employer.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for defendant-employer as a hair stylist and assistant manager at the time of the motor vehicle accident that is the subject of this claim. As of the date of the hearing before the Deputy Commissioner, plaintiff continued to work in these capacities for defendant-employer.
2. The particular store where plaintiff worked shared a building with a Domino's Pizza restaurant. The owner of the Domino's franchise, Brad Walker, owned the entire building and leased space to defendant-employer for its salon.
3. On December 21, 2006, plaintiff was on her way to work at approximately 3:30 p.m. and had parked in a Food Lion parking lot across the street from defendant-employer's store. The street separating the Food Lion parking lot and defendant-employer's store is Fleming Road, a public street that is three lanes wide, with one lane for each direction of travel and a center turn lane. In the course of crossing Fleming Road, plaintiff reached the middle or turn lane when she was struck by a vehicle driven by a Domino's employee.
4. As the result of this motor vehicle accident, plaintiff sustained injuries to her teeth, neck, back, right and left legs, and her left arm. *Page 4 
5. Plaintiff testified that it was her practice to park across the street at Food Lion because parking adjacent to defendant-employer's store and Domino's was limited. Plaintiff had been instructed to park across the street by both defendant-employer's franchise owner, Richard White, and her manager, Dutchess Bennett.
6. Mr. White acknowledged that he asked his employees to park across the street in the Food Lion lot at the direction of his landlord, Mr. Walker. Mr. White did not actively try to enforce parking across the street after the first six to nine months following the store's grand opening in January 2005. According to Mr. White, many employees failed to follow the instructions to park across the street, but he never imposed or threatened any penalties when employees did so. At the time of plaintiff's injury, it had been well over a year since Mr. White asked his employees to park across the street.
7. Mr. White stated that there was no benefit to him or his business to having his employees park across the street and cross Fleming Road and that he was concerned about them crossing through traffic.
8. Neither Mr. White nor defendant-employer owned or controlled Fleming Road where plaintiff was injured, the Food Lion parking lot where plaintiff parked, or the parking lot in front of defendant-employer's store.
9. At the time of her injury, plaintiff was performing no duties for defendant-employer, nor had she been doing so prior to the accident. As for her regularly assigned duties, plaintiff's primary duties working as a stylist occupied three-quarters of her time, and the majority of her work day was spent on the premises of defendant-employer. Additionally, plaintiff did not personally do errands every day that she worked and defendant-employer did not provide transportation for any work duties or pay for mileage. *Page 5 
10. The evidence established that running occasional errands was not a requirement of plaintiff's job with defendant-employer. Her established duties required greeting and checking in customers, cleaning, handling money, organizing staff meetings, resolving customer complaints, completing incident reports, providing employee feedback, communicating expectations to employees regarding breaks, and approving breaks as appropriate.
11. At the hearing before the Deputy Commissioner, plaintiff placed great emphasis on the occasions when she used her car to run errands for work. However, in her recorded statement taken on July 18, 2007, plaintiff did not refer to the use of her personal car for required job tasks. Mr. White and plaintiff's manager confirmed that plaintiff and other employees completed errands for the store occasionally, but that such errands were not a set requirement of the job. Mr. White did not require his employees to have cars or even drivers' licenses.
12. Although plaintiff testified that she was required to conduct marketing on a regular basis, Ms. Bennett stated that marketing was not demanded of stylists or assistant managers. According to Ms. Bennett, cutting hair, selling products, and checking customers in and out were the primary duties of defendant-employer's employees, including managers.
13. At the time of her December 21, 2006 motor vehicle accident, plaintiff was not on the premises of defendant-employer and was not performing a special errand for the benefit of defendant-employer. Plaintiff had a definite time and place of employment and was not a traveling employee. Plaintiff's employment did not include transportation as part of her employment contract.
14. Plaintiff failed to prove by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on December 21, 2006. *Page 6 
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. To be compensable under the North Carolina Workers' Compensation Act, an injury must arise out of and in the course of employment. N.C. Gen. Stat. § 97-2(6). The general rule in this state is that an injury by accident that occurs while an employee travels to and from work is not one that arises out of or in the course of employment. Royster v.Culp, Inc., 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996); Jennings v.Backyard Burgers of Asheville, 123 N.C. App. 129, 472 S.E.2d 205 (1996). Recognized exceptions to this rule include the premises exception, the special errands exception, the traveling salesman exception, and the contractual duty exception. Stanley v. Burns Int'l Sec. Servs.,161 N.C. App. 722, 725, 589 S.E.2d 176, 178 (2003).
2. The facts in this case establish that plaintiff's accident does not fall under any recognized exception to the "coming and going" rule. At the time of her December 21, 2006 motor vehicle accident, plaintiff was not on the premises of defendant-employer and was not making a special errand for the benefit of defendant-employer. As plaintiff had a definite time and place of employment, the evidence of record does not support a finding that she fell within the traveling employee exception. Likewise, plaintiff did not fall within the contractual duty exception to the coming and going rule. Stanley v. Burns Int'l Sec. Servs.,supra.
3. On December 21, 2006, plaintiff was involved in a motor vehicle accident which occurred while she was traveling from home to work and is therefore not compensable. Royster v. Culp, Inc., supra; Barham v. FoodWorld, Inc., 300 N.C. 329, 266 S.E.2d 676 (1980); Deseth v. *Page 7 Lenscrafters, 160 N.C. App. 180, 585 S.E.2d 264 (2003); Jennings v.Backyard Burgers of Asheville, supra; Glassco v. Belk-Tyler,69 N.C. App. 237, 316 S.E.2d 334 (1984).
4. Therefore, on December 21, 2006, plaintiff did not sustain a compensable injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and is hereby, DENIED.
2. Each side shall pay its own costs.
This 13th day of October, 2008.
 S/___________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG CHAIR
 S/_______________ BUCK LATTIMORE COMMISSIONER
 *Page 1